Tina Wolfson, SBN 174806
twolfson@ahdootwolfson.com
AHDOOT & WOLFSON, PC
1016 Palm Avenue
West Hollywood, California 90069
Tel: (310) 474- 9111; Fax: (310) 474-8585

Jasper D. Ward IV*
jasper@jonesward.com
Alex C. Davis*
alex@jonesward.com
JONES WARD PLC
312 South Fourth Street, Sixth Floor
Louisville, Kentucky 40202
Tel: (502) 882-6000; Fax: (502) 587-2007
*Pro hac vice to be filed

Counsel for Plaintiff,
Jacklyn Haddix

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKLYN HADDIX, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MILLS, INC., GENERAL MILLS SALES, INC., GENERAL MILLS OPERATIONS, LLC, and DOES 1 - 50,<br><br>Defendant. | Case No. 2:15-cv-02625-MCE-AC<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**<br><br>Hearing Date: March 10, 2016<br>Time: 2:00 p.m.<br>Judge: Hon. Morrison C. England, Jr. |

## TABLE OF CONTENTS

PAGE

I.   INTRODUCTION …………………………………………………………1

II.  FACTUAL BACKGROUND ……………………………………………1

III. DISCUSSION …………………………………………………………...2

   A.  This Court Retains Subject Matter Jurisdiction Despite General Mills'

      Cheerios Recall Program ……………………………………………2

      1.  Plaintiff Has Article III Standing and Standing Under the UCL ………………4

      2.  Plaintiff Has Standing to Pursue Injunctive Relief ……………………………5

   B.  General Mills' Rule 12(f) Motion to Strike Class Allegations is Improper

      and Must be Denied …………………………………………………7

      1.  Defendants Cannot Meet High Burden Required for Motion to Strike ………...7

      2.  Plaintiff's Class Allegations Meet the Requirements of Rule 23 ………………8

         a.  The Proposed Class is not Overbroad ………………………………8

         b.  Class-wide Resolution is a Superior Method for Adjudication ………...9

         c.  Plaintiff is an Adequate Class Representative …………………………10

   C.  Plaintiff Properly Asserts California Consumer Protection Claims …………………10

   D.  General Mills' 12(b)(6) Motion to Dismiss Should be Denied ………………………13

      1.  Plaintiff Properly Plead UCL and FAL Claims ………………………………13

      2.  Plaintiff Properly Pled an Unjust Enrichment Claim …………………………15

      3.  Plaintiff Properly Plead Claims of Breach of Express Warranty and

         Under the KCPA ……………………………………………………16

      4.  Plaintiff Sufficiently Plead a Claim Under the CLRA …………………………17

      5.  Plaintiff Sufficiently Plead a Negligence Claim ………………………………18

      6.  Plaintiff Alternatively Requests Leave to Amend ……………………………19

IV.  CONCLUSION …………………………………………………………...20

1

**TABLE OF AUTHORITIES**

2

**PAGE(S)**

3

<u>Cases</u>

4

*Astiana v. Ben & Jerry's Homemade, Inc.,*
  No. C 10-4387 PJH, C 10-4937 PJH, 2011 WL 2111796 (N.D. Cal. May 16, 2011)............... 8, 15

5

*Astiana v. Hain Celestial Grp., Inc.,*
  783 F. 3d 753 (9th Cir. Ct. App. 2015)....................................................................................... 15

6

*Augustine v. United States,*
  704 F. 2d 1074, 1077 (9th Cir. 1983) ........................................................................................... 3

7

*Avago Techs. U.S., Inc., v. Venture Corp.,*
  No. C 08-03248 JW, 2011 WL 7479163 (N.D. Cal. 2011) ......................................................... 12

8

*Burns v. Tristar Prods.,*
  No. 14-cv-749-BAS (DHB), 2014 WL 3728115 (S.D. Cal. July 25, 2014)................................... 4

9

*Cahill v. Liberty Mutual Ins. Co.,*
  80 F. 3d 336 (9th Cir. 1996) ....................................................................................................... 13

10

*Cal. Sportfishing Prot. Alliance v. All Star Auto Wrecking, Inc.,*
  860 F. Supp. 2d 1144 (E.D. Cal. 2012) ..................................................................................... 3, 6

11

*Chabner v. United Omaha Life Ins. Co.,*
  225 F. 3d 1042 (9th Cir. 2000) .................................................................................................... 13

12

*Churchill Village, LLC v. GE,*
  169 F. Supp. 2d 1119 (N.D. Cal. 2000) ...................................................................................... 11

13

*Collazo v. Wen by Chaz Dean, Inc.,*
  No. 2:15-CV-01974-ODW0AGR, 2015 WL 4398559 (C. D. Cal. July 17, 2015) ................. 11, 12

14

*Czuchaj v. Conair Corp.,*
  No. 13-CV-1901-BEN (RBB), 2014 WL 1664032 (S.D. Cal. Apr. 17, 2014)................................ 6

15

*Feldman v. Bomar,*
  518 F. 3d 637 (9th Cir. 2008) ........................................................................................................ 5

16

*Ford Motor Co. v. Mayes,*
  575 S.W.2d 480 (1978)................................................................................................................. 16

17

*Gabali v. Onewest Bank,*
  No. 5:12-cv-02901 EJD, 2013 WL 1320770 (N.D. Cal. 2013) .................................................... 14

18

*Giddings & Lewis, Inc., v. Industrial Risk Insurers,*
  348 S.W. 3d 729 (Ky. 2011)......................................................................................................... 18

19

*Henderson v. Gruma Corp.,*
  No. CV 10-04173 AHM (AJWx), 2011 WL 1362188 (C.D. Cal. Apr. 11, 2011) .......................... 5

20

*Holmes v. Elec. Document Processing, Inc.,*
  966 F. Supp. 2d 925 (N.D. Cal. 2013) ........................................................................................... 7

21

*In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.,*
  293 F.R.D. 21 (D. Me. 2013)........................................................................................................ 10

22

*In re Wal-Mart Stores, Inc. Wage & Hour Litig.,*
  505 F. Supp. 2d 609 (N.D. Cal. 2007) ........................................................................................... 8

23

*In re Yahoo Mail Litig.,*
  308 F.R.D. 577 (N.D. Cal. May 26, 2015) ..................................................................................... 6

24

25

26

27

28

*Johnson v. Conrad,*
   2014 U.S. Dist. LEXIS 164237 (E.D. Cal. Nov. 24, 2014) ........................................ 3, 4

*Johnson v. General Mills, Inc.,*
   275 F.R.D. 282 (C.D. Cal. 2011) .............................................................................. 9

*Johnson v. Hernandez,*
   69 F. Supp. 3d 1030 (E.D. Cal. Nov. 24, 2014) ....................................................... 4

*Kwikset Corp. v. Superior Court,*
   51 Cal. 4th 310, 120 Cal. Rptr. 3d 741, 246 P. 3d 877 (Cal. 2011)) ........................ 5

*Lexington Ins. Co. v. Energetic Lath & Plaster, Inc.,*
   No. 2:15-cv-00861-KJM-EFB, 2015 WL 5436784 (E.D. Cal. Sept. 15, 2015) .......... 7

*Long v. Graco Children's Prods.,*
   No. 13-cv-01257, 2014 WL 7204652 (N.D. Cal. Dec. 17, 2014) ............................... 8

*Marler v. E.M. Johansing, LLC,*
   199 Cal. App. 4th 1450 (2011) ................................................................................ 8

*Mazza v. Am. Honda Motor Co.,*
   666 F. 3d 581 (9th Cir. 2012) ................................................................................ 10

*McVicar v. Goodman Global, Inc.,*
   1 F. Supp. 3d 1044 (C.D. Cal. 2014) ..................................................................... 17

*Medici v. JPMorgan Chase Bank, N.A.,*
   2012 U.S. Dist. LEXIS 36539, 2012 WL 929785 (D.Or., Mar. 16, 2012) .................. 5

*Mier v. Owens,*
   57 F. 3d 747, 750 (9th Cir. 1995) .......................................................................... 13

*Moreno v. Baca,*
   No. CV007149ABCCWX, 2000 WL 33356835 (C. D. Cal. Oct. 13, 2000) ................. 7

*Mt. Lebanon Pers. Care Home, Inc. v. Hoover Universal, Inc.,*
   276 F. 3d 845 (6th Cir. 2002) ............................................................................... 19

*Naiser v. Unilver United States, Inc.,*
   975 F. Supp. 2d 727 (W.D. K.Y. 2013) ................................................................. 16

*Nino v. Unied States,*
   No. 13CV0469, 2015 WL 5032644 (S.D. Cal. Aug. 25, 2015) .................................. 3

*Norwest Mortg., Inc. v. Superior Court,*
   72 Cal. App. 4th 214, 85 Cal. Rptr. 2d 18 (1999) ................................................. 12

*O'Connor v. Boeing North Am., Inc.,*
   184 F.R.D. 311 (C.D. Cal. 1998) ............................................................................ 8

*Overton v. Bird Brain, Inc.,*
   No. SACV 11-1054 DOC (ANx), 2012 WL 909295 (C.D. Cal Mar. 15, 2012) .......... 14

*Postier v. Louisana-Pacific Corp.,*
   No. C-09-3290 JCS, 2009 WL 3320470 (N.D. Cal. Oct. 13, 2009) ..................... 14, 17

*Real Estate Marketing, Inc. v. Franz,*
   885 S.W.2d 921 (Ky. 1994) ................................................................................... 19

*Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.,*
   601 F. 3d 1159 (11th Cir. 2010) .............................................................................. 9

*Safe Air for Everyone v. Meyer,*
   373 F. 3d 1035 (9th Cir. 2004) ................................................................................ 2

*Sanchez v. Wal-Mart Stores, Inc.,*
   No. 2:06-CV-2572 JAM KJM, 2008 WL 3272101 (E.D. Cal. Aug. 6, 2008)................4

*Shahinian v. Kimberly-Clark Corp.,*
  No. CV 14-8390 DMG (SHx), 2015 WL 4264638 (C.D. Cal. July 10, 2015) ............................... 5
*Solid Host, NL v. Namecheap, Inc.,*
  652 F. Supp. 2d 1092 (C.D. Cal. 2009) ................................................................. 12, 13
*Stevens v. Motorists Mut. Inc. Co.,*
  759 S.W.2d 819 (Ky. 1988) .......................................................................... 16
*Sun Valley Gasoline, Inc. v. Ernst Enters., Inc.,*
  711 F. 2d 138 (9th Cir. 1983) ......................................................................... 3
*Sutcliffe v. Wells Fargo Bank, N.A.,*
  283 F.R.D. 533 (N.D. Cal. 2012) ..................................................................... 12
*Victor v. R.C. Bigelow, Inc.,*
  No. 13-cv-02976-WHO, 2015 WL 4104609 (N.D. Cal. July 7, 2015) ....................................... 15
*Walter v. Hughes Communs., Inc.,*
  682 F. Supp. 2d 1031 (N.D. Cal. 2010) ................................................................ 17
*White v. Lee,*
  227 F. 3d 1214 (9th Cir. 2000) ........................................................................ 2
*Whittlestone, Inc. v. Handi-Craft Co.,*
  618 F. 3d 970 (9th Cir. Cal. 2010) .................................................................... 7
*Wilson v. Frito-Lay N. Am., Inc.,*
  961 F. Supp. 2d 1134 (N.D. Cal. 2013) ............................................................... 11

## I.  INTRODUCTION

Defendants General Mills, Inc., General Mills Sales, Inc., General Mills Operations, LLC, and Does 1-50 (collectively "General Mills" or "Defendants") have conceded their unlawful conduct in distributing and selling products labeled and warranted as "gluten-free" when in fact, those products contained more than double the amount of gluten permissible by federal regulation. Plaintiff Jacklyn Haddix, on behalf of herself and all those similarly situated, seeks redress for damages caused by General Mills' unlawful conduct.

General Mills' Motion to Dismiss improperly asks this Court to decide issues of material fact in favor of General Mills, based solely upon General Mills' self-serving and conclusory assertions about its recall program. In assessing General Mills' Motion to Dismiss, this Court cannot make factual findings contrary to those plead by Plaintiff. Further, this Court cannot assess the sufficiency and adequacy of the recall program implemented by General Mills, as this is a factual issue. Accordingly, General Mills' Motion to Dismiss and Motion to Strike must be denied.

## II.  FACTUAL BACKGROUND

This cases arises from General Mills' deceptive, unfair, and false advertising merchandising practices concerning their "gluten-free" Cheerios and Honey Nut Cheerios (collectively, "Cheerios"). Compl. ¶ 3. Defendants' sales materials acknowledge that the company viewed "gluten-free" Cheerios as a way to boost sales. *Id.* ¶ 9. A sales and advertising campaign announcing "Cheerios is going gluten-free!" began in September 2015. *Id.* General Mills created a gluten-free information website for consumers, and advertised that General Mills added a process to sort stray grains of wheat, barley and rye that were present in the oats used to make Cheerios. *Id.*

The "gluten-free" designation was placed prominently on the front of Cheerios boxes which were distributed in Kentucky and throughout the United States. *Id.* ¶¶ 10-11.

Thereafter, the FDA began receiving consumer reports of adverse reactions from people who had eaten Cheerios labeled "gluten-free." *Id.* ¶ 12. In response to numerous complaints, the FDA tested over 30 samples of "gluten-free" Cheerios taken from different manufacturing facilities and lots. *Id.* FDA testing revealed "gluten-free" Cheerios containing more than double the 20ppm limit established by FDA regulations. *Id.* Eventually, on October 5, 2015, General Mills announced a recall of nearly 2 million boxes of Cheerios labeled "gluten-free." *Id.* ¶¶ 13. The following day the FDA issued a Safety Alert to warn consumers of the mislabeled Cheerios. *Id.* ¶¶ 14. Subsequently, General Mills revealed to the public that finished product testing had not been performed to ensure the Cheerios did not contain gluten. *Id.* ¶¶ 15.

Plaintiff filed this lawsuit in order to seek relief for damages caused by General Mills' unlawful conduct and to enjoin further misconduct. Compl., ¶¶ 52, 55, 57, 65, 70, 72, 77, 79, 80-81, 86, 88-89, 97, 103-04, Prayer for Relief: (b - h). Plaintiff submits that discovery will not only reveal the extent and nature of General Mills' unlawful conduct, but will also reveal the inadequacy of its recall.

## III.    DISCUSSION

### A.    This Court Retains Subject Matter Jurisdiction Despite General Mills' Cheerios Recall Program.

Defendants' recall program does not strip this Court of jurisdiction because the merits of Plaintiff's claims are intertwined with the issue of jurisdiction.  Rule 12(b)(1) jurisdictional attacks can be either facial or factual. *Safe Air for Everyone v. Meyer,* 373 F. 3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee,* 227 F. 3d 1214, 1242 (9th Cir. 2000)). To bring a successful factual attack, Defendant would have to demonstrate that the allegations . . . which give rise to standing

2

are untrue. *Cal. Sportfishing Prot. Alliance v. All Star Auto Wrecking, Inc.,* 860 F. Supp. 2d 1144, 1152 (E.D. Cal. 2012). In bringing a factual attack on standing, a Defendant "must not confuse the jurisdictional inquiry with the merits inquiry, as plaintiff need not prove the merits of the case at this early stage of the pleadings." *Id.*

Here, Plaintiff disputes Defendants' factual assertion that the recall program is adequate relief to Plaintiff and members of the proposed class. Plaintiff initiated this action to seek full and complete relief on behalf of members of the proposed class. As such, Defendants cannot summarily assert that Defendants' recall program provided adequate relief to Plaintiff and members of the proposed class, that it provided full or complete relief as sought by Plaintiff and members of the proposed class, nor that the recall program has been effective. "Where factual jurisdictional issues are intertwined with factual questions going to the merits, a court may not decide those factual issues on a Rule 12(b)(1) motion." *Nino v. Unied States*, No. 13CV0469, 2015 WL 5032644, at *5 (S.D. Cal. Aug. 25, 2015) (citing *Sun Valley Gasoline, Inc. v. Ernst Enters., Inc.,* 711 F. 2d 138, 140-41 (9th Cir. 1983)). "[W]here the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits, the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." *Augustine v. United States,* 704 F. 2d 1074, 1077 (9th Cir. 1983). *See also Johnson v. Conrad,* 2014 U.S. Dist. LEXIS 164237, at *7 (E.D. Cal. Nov. 24, 2014) ("A court may not resolve genuinely disputed facts where the question of jurisdiction is dependent on the resolution of factual issues going to the merits.").

Because Defendants' only challenge to subject matter jurisdiction is based on the adequacy of the recall program, the merits of Plaintiff's case are necessarily intertwined with the jurisdictional issue presented by Defendants. At this stage in the litigation, Defendants cannot ask

3

this Court to determine that the recall program was adequate in the scope of relief sought by Plaintiff and members of the proposed class. *See Johnson v. Hernandez,* 69 F. Supp. 3d 1030 (E.D. Cal. Nov. 24, 2014) (Finding the Court had subject matter jurisdiction to reach the merits of Plaintiff's claims because Defendant offered only conclusory opinions alleging violations had been "resolved" without objective support.)

The jurisdictional issue is so intertwined with the merits of Plaintiff's claims that, even if Defendants had put forth factual evidence, it would have served only to convert Defendants' Motion to Dismiss into a Motion for Summary Judgment, which is premature at this early stage of litigation. *See Johnson v. Hernandez,* 69 F. Supp. 3d at 1035 ("Even if Defendants had offered some facts to support their position the Court would be disinclined to grant their Motion [To Dismiss] at this early stage in litigation . . . because Plaintiff has not yet had the opportunity to engage in discovery and thus has not had the opportunity to develop the evidence he may need to rebut Defendants' 'facts.'").  Therefore, the jurisdictional inquiry is necessarily intertwined with the adequacy of the recall program, and as such is a factual finding that is inappropriate for determination at this stage of litigation.

1.      **Plaintiff Has Article III Standing and Standing Under the UCL**

"For the purposes of ruling on a motion to dismiss for want of standing, the court must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Burns v. Tristar Prods.,* No. 14-cv-749-BAS (DHB), 2014 WL 3728115, at \*1 (S.D. Cal. July 25, 2014). To have standing under the UCL, a **plaintiff need only demonstrate that she spent or lost money due to an unfair business practice.** *Sanchez v. Wal-Mart Stores, Inc.,* No. 2:06-CV-2572 JAM KJM, 2008 WL 3272101, \*2 (E.D. Cal. Aug. 6, 2008) (emphasis added). Plaintiff has sufficiently plead injury, including economic injury. Compl. ¶¶ 49,

4

64-65, 79, 81. "Plaintiffs who can truthfully allege they were deceived by a product's label into spending money to purchase the product, and would not have purchased it otherwise, have 'lost money or property' within the meaning of Proposition 64 and have standing to sue." *Henderson v. Gruma Corp.,* No. CV 10-04173 AHM (AJWx), 2011 WL 1362188, at *4 (C.D. Cal. Apr. 11, 2011) (citing *Kwikset Corp. v. Superior Court,* 51 Cal. 4th 310, 320, 120 Cal. Rptr. 3d 741, 246 P. 3d 877 (Cal. 2011)). If a plaintiff has met the injury-in-fact standing under the UCL, that is sufficient for Article III standing. *Id.*

Again, Defendants cannot summarily assert that participating in the recall program fully satisfies Plaintiff's injury, thereby declaring all of Plaintiff's claims moot. "A party asserting mootness has a heavy burden." *Medici v. JPMorgan Chase Bank, N.A.,* 2012 U.S. Dist. LEXIS 36539, 2012 WL 929785, at *3 (D.Or., Mar. 16, 2012) (citing *Feldman v. Bomar,* 518 F. 3d 637, 642 (9th Cir. 2008)). Indeed, Plaintiff clearly disputes the adequacy of the recall program and seeks relief beyond that provided by Defendants' recall program. Compl., ¶¶ 49, 52, 57, 65, 79, 81, 86, 89, 97, Prayer for Relief: (a – j).  In short, the meager amount provided by the recall program does not provide adequate relief to Plaintiff and members of the proposed class. *Id.* Plaintiff has sufficiently alleged injury pursuant to Article III and the UCL.

## 2.     Plaintiff Has Standing to Pursue Injunctive Relief

Plaintiff has alleged that she was damaged by the acts of Defendants and seeks injunctive relief in order to avoid future injury. Compl. ¶¶ 49, 57, 65, 79-81, 85-86, 88, 96-97, 103, Prayer for Relief (b – h). Plaintiff "need not allege that [s]he will willingly subject [her]self to future injury, or that [s]he will be fooled by false advertising [s]he now knows to be false, in order to seek injunctive relief on behalf of a class." *Shahinian v. Kimberly-Clark Corp.,* No. CV 14-8390 DMG (SHx), 2015 WL 4264638, at *4 (C.D. Cal. July 10, 2015). *See also In re Yahoo Mail Litig.,* 308

F.R.D. 577 (N.D. Cal. May 26, 2015) (Defendant's argument that the plaintiffs could not allege a future injury because future purchases would be made with the knowledge that the labels were allegedly fraudulent was rejected by the Court as artificially precluding injunctive relief altogether).  Defendants cannot summarily assert that there is no threat of future harm based on Defendants' own self-serving assertion that the recall program is adequate. The merits of Plaintiff's claims turn on the adequacy of the recall program and are ultimately for the fact finder to determine.

Courts should not be asked to "prematurely decide the merits of the case" and should refuse such requests at such an early stage of the litigation. *Cal. Sportfishing Prot. Alliance*, 860 F. Supp. 2d at 1152. In *Czuchaj v. Conair Corp.*, No. 13-CV-1901-BEN (RBB), 2014 WL 1664032, at *5 (S.D. Cal. Apr. 17, 2014), defendant Conair argued that the plaintiff's claim for injunctive relief was moot because defendant had implemented its own "corrective process." The Court held that it could not determine the adequacy or sufficiency of the corrective process to replace or refund, aptly stating:

> Conair's challenge asks this court to resolve factual disputes about whether Conair's efforts have been adequate. **This Court cannot possibly determine whether injunctive or declaratory relief is appropriate unless it examines the sufficiency of the steps already taken. Determining the sufficiency of Conair's response to the problems with the Hair Dryer is part of the merits of this case.** In order to resolve this question, this Court would need to determine questions such as whether the lien cord issue claimed by Plaintiffs has been resolved, and whether Conair has taken sufficient steps to warn consumers who had already purchased the hair dryers. **It is apparent that the sufficiency of Conair's response to the problem is a central issue in this lawsuit.**
>
> A plaintiff need not prove the merits of their case at this stage of proceedings. *See Cal. Sportfishing Protection Alliance v. All Star Auto Wrecking, Inc.*, 860 F. Supp. 2d 1144, 1152 (E. D. Cal. 2012). **A requirement at the pleadings stage that a plaintiff provide evidence to show that a defendant's internal efforts to cure a defect are inadequate, triggered only by conclusory claims that the problem has**

6

1

**been fixed, would severely impede the ability of any plaintiff to seek injunctive relief.**

2

3

Similarly, General Mills is asking this Court to make improper factual findings as to the

4

adequacy of its recall program based on General Mills' own self-serving assertions.

5

**B.      General Mills' Rule 12(f) Motion to Strike Class Allegations is Improper and Must be Denied.**

6

7

**1.      Defendants Cannot Meet High Burden Required for Motion to Strike**

8

When ruling on a motion to strike, "courts must view the challenged pleading in the light

9

most favorable to the non-moving party." *Lexington Ins. Co. v. Energetic Lath & Plaster, Inc.,* No.

10

2:15-cv-00861-KJM-EFB, 2015 WL 5436784, at *11 (E.D. Cal. Sept. 15, 2015) (citing *Holmes v.*

11

*Elec. Document Processing, Inc.,* 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013)). Further, "courts

12

may not resolve disputed and substantial factual or legal issue[s] in deciding . . . a motion to

13

strike." *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F. 3d 970, 973 (9th Cir. Cal. 2010) (internal

14

citations omitted). Accordingly, because Plaintiff disputes the adequacy of the recall program, the

15

Court cannot accept as true General Mills' self-serving and conclusory assertion that its recall

16

program effectively and completely resolved the claims of Plaintiff and the proposed class

17

members. Plaintiff respectfully submits the 12(f) Motion to Strike is another attempt by

18

Defendants to ask this Court to make improper factual determinations as to the adequacy of

19

Defendants' recall program.

20

Motions to Strike are more strongly disfavored when brought to strike class allegations, as

21

they are improper for challenging the sufficiency of class allegations and are considered premature

22

at this early stage of litigation. *See Moreno v. Baca,* No. CV007149ABCCWX, 2000 WL

23

24

33356835, at *2 (C. D. Cal. Oct. 13, 2000). In *Long v. Graco Children's Prods.,* No. 13-cv-01257,

25

26

27

7

28

2014 WL 7204652, at *4 (N.D. Cal. Dec. 17, 2014), the Court addressed a Rule 12(f) motion to strike class allegations related to defendant Graco's recall and held:

> Defendants seek to strike plaintiff's class allegations under Fed. R. Civ. P. 12(f) on the grounds that the putative class is not ascertainable and that the class action is not a superior form of adjudication in light of Graco's recall. **This issue will be deferred to the class certification stage to give the Court the benefit of a better developed record and arguments.**

 (emphasis added). Plaintiff's class action allegations should be addressed through a class certification motion, after the parties have had an opportunity to conduct discovery. *See Astiana v. Ben & Jerry's Homemade, Inc.,* No. C 10-4387 PJH, C 10-4937 PJH, 2011 WL 2111796, at *15 (N.D. Cal. May 16, 2011) (finding that questions concerning "whether the class is ascertainable and whether a class action is superior should be resolved in connection with a class certification motion"); *See also, In re Wal-Mart Stores, Inc. Wage & Hour Litig.,* 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007) ("[T]he granting of motions to dismiss class allegations before discovery has commenced is rare . . . because the shape and form of a class action evolves only through the process of discovery.").

### 2. Plaintiff's Class Allegations Meet the Requirements of Rule 23

Despite Defendants' improper challenge to Plaintiff's class allegations via FRCP 12(f) Motion to Strike, Plaintiff will address each of Defendants' Rule 23 arguments in turn.

### a. The Proposed Class is not Overbroad

 "Plaintiffs need not prove that class members have been injured for purposes of defining the class" so long as Plaintiff's "class definitions have some relation to the Defendant's activities." *O'Connor v. Boeing North Am., Inc.*, 184 F.R.D. 311, 320 (C.D. Cal. 1998). "[Overbreadth] is not a bar to class certification as those improperly included may be placed in a subclass or dismissed from the case." *Marler v. E.M. Johansing, LLC,* 199 Cal. App. 4th 1450, 1461 (2011).

Here, the class definition is directly related to the purchase of the falsely advertised and mislabeled Cheerios, as every member of the proposed class purchased the falsely advertised and mislabeled Cheerios. *See* Compl. ¶ 32. That some members of the class are not gluten intolerant, gluten sensitive or have celiac disease does not defeat Plaintiff's class allegations. Moreover, that the class members who are gluten intolerant, gluten sensitive or who have celiac disease compromise "only a small proportion of the overall population" (Defs.' Mem. at 15) does not negate Plaintiff's class allegations.

### b.  Class-wide Resolution is a Superior Method for Adjudication

"A plaintiff can satisfy the superiority requirement when he or she can show that the class-wide litigation of common issues will reduce litigation costs and promote greater efficiency." *Johnson v. General Mills, Inc.,* 275 F.R.D. 282, 289 (C.D. Cal. 2011).[1] Plaintiff's Complaint identifies common legal and factual issues subject to common proof that will reduce litigation costs and promote greater efficiency. *See* Compl. ¶ 40 (a – h). Class-wide resolution is "clearly favor[ed] . . . [i]n a consumer class action of this type involving the purchase of a relatively inexpensive food product," particularly as injured consumers are unlikely to pursue their claims on an individual basis. *Johnson v. General Mills, Inc.,* 275 F.R.D. at 289. Here, as in *Johnson, supra,* a consumer class action involving the purchase of a relatively inexpensive food product is favored due to the relatively small size of each class member's claim, and the expense involved in litigating individual claims.

---

[1] *See, e.g., Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.,* 601 F. 3d 1159, 1183-84 (11th Cir. 2010) "[T]he predominance analysis has a tremendous impact on the superiority analysis for the simple reason that, the more common issues predominate over individual issues, the more desirable a class action lawsuit will be as a vehicle for adjudicating the plaintiffs' claims . . ."

9

### c.   Plaintiff is an Adequate Class Representative

Defendants have raised no legitimate concern as to why Plaintiff does not "fairly and adequately protect the interests of the class." Rule 23(a)(4). Again, Defendants merely assert a conclusory statement that the recall program provided sufficient relief. Defendant cannot unilaterally determine the appropriate relief for Plaintiff and members of the proposed class. This is a well-established principle:

> Nevertheless, [defendant] asserts in general that the named plaintiffs are not adequate because they have chosen to participate in class litigation rather than apply to [defendant] for refund gift cards. This path, [defendant] claims, needlessly reduces the recovery for the putative class and contravenes the representatives' duty to protect the class. . . Although reasonable people can certainly maintain that as a matter of policy other solutions are preferable to litigation, I do not see how that argument has a place in the class certification decision. . . A named plaintiff can represent a class *only* by filing a lawsuit; that is what the Federal Rules of Civil Procedure (and Rule 23 in particular) are for. Named plaintiffs are hardly adequate representatives of a class by not filing a lawsuit, because they are not class representatives at all!

*In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.,* 293 F.R.D. 21, 29 (D. Me. 2013) (internal citations omitted) (emphasis in original).[2] Thus, Defendant's conclusory assertion that it has provided adequate relief via its recall program does not make Plaintiff an inadequate class representative.

### C.   Plaintiff Properly Asserts California Consumer Protection Claims

"Whether a nonresident plaintiff can assert a claim under California law is a constitutional question based on whether California has sufficiently significant contacts with the plaintiff's claims." *Mazza v. Am. Honda Motor Co.,* 666 F. 3d 581, 589-60 (9th Cir. 2012).  Specifically concerning consumer protection claims, non-California residents are foreclosed from bringing such

---

[2] *See also In re Ky. Grill Chicken Coupon Mktg. & Sales Practices Litig.,* No. 09-C-7670, 2011 U.S. Dist. LEXIS 157910 (N.D. Ill. Nov. 30, 2011) (Rejecting the defendant's argument that costs 'raid and reduce' the funds available for class compensation.)

claims "where none of the alleged misconduct or injuries occurred in California." *Churchill Village, LLC v. GE,* 169 F. Supp. 2d 1119, 1126 (N.D. Cal. 2000). "In deciding whether California's consumer protection laws should apply, courts consider the defendant's residency, the plaintiff's residency, and '**where decisions about the behavior in question were made.**'" *Collazo v. Wen by Chaz Dean, Inc.,* No. 2:15-CV-01974-ODW0AGR, 2015 WL 4398559, at *3 (C. D. Cal. July 17, 2015) (citing *Wilson v. Frito-Lay N. Am., Inc.,* 961 F. Supp. 2d 1134, 1148 (N.D. Cal. 2013) (emphasis added). "Here, there is no dispute that Plaintiff[] neither live[s] nor suffered their alleged injuries inside California. **The critical issue then becomes: where did the decisions regarding the alleged misconduct occur?**" *See Churchill Village,* 169 F. Supp. 2d at 1126; *Wilson,* 961 F. Supp. 2d at 1148 (emphasis added). "A defendant challenging the assertion of a California statutory cause of action by out-of-state plaintiffs carries the burden to defeat the presumption that California law applies and to show a compelling reason justifying displacement of California law." *Collazo* at *14.

   The recalled Cheerios were manufactured at Defendants' Lodi, California plant. Compl. ¶ 13. According to Defendants, because the Lodi processing plant lost rail service in July 2015, the gluten-free oat flour was off-loaded and transferred via truck. (Defs.' Mem. at 3.) Thus, the decision to transfer the gluten-free oat flour in trucks normally used to transport flour led to the contamination of the gluten-free oat flour system at the Lodi plant. *Id.* Finished product testing was not performed at the Lodi plant on the recalled Cheerios. Compl. ¶ 15. The mislabeled Cheerios were advertised, marketed, distributed and sold throughout California, Kentucky and the United States. *Id.* ¶ 27. On October 5, 2015, Defendants recalled nearly 2 million boxes of Cheerios labeled "gluten-free" that were manufactured at the Lodi plant. *Id.* ¶ 13. Two days later,

Defendants revealed to the public that finished product testing had not been performed at the Lodi plant on the recalled Cheerios. *Id.*

Plaintiff has alleged that her injuries resulted from conduct that occurred at Defendants' California plant due to Defendants' decision to transport gluten-free flour in trucks normally used to transport flour. California courts recognize a sufficient basis for application of California consumer protection laws to out-of-state plaintiffs when the misconduct occurred in California. *See Sutcliffe v. Wells Fargo Bank, N.A.,* 283 F.R.D. 533, 548 (N.D. Cal. 2012) (holding that California consumer protection laws applied to out-of-state plaintiffs because "Plaintiffs in this action have alleged that their injuries resulted from conduct that occurred in California"); *Avago Techs. U.S., Inc., v. Venture Corp.,* No. C 08-03248 JW, 2011 WL 7479163 (N.D. Cal. 2011) (holding California consumer protection laws applied because the last event necessary to make Defendant liable took place in California); *Solid Host, NL v. Namecheap, Inc.,* 652 F. Supp. 2d 1092 (C.D. Cal. 2009) (holding California consumer protection laws applied where plaintiffs alleged defendant's conduct at issue occurred in California); and *Collazo* (holding California consumer protection laws applied because the alleged wrongful conduct in the case occurred in California, thus there was no constitutional, legal or practical concerns with out-of-state plaintiffs' decision to bring claims under the California UCL and FAL).

General Mills has not met its burden to defeat the presumption that California law applies to General Mills' conduct occurring at its plant located in California, and cannot show a compelling reason to justify displacement of California law to these claims. Defendants' reliance on *Norwest Mortg., Inc. v. Superior Court*, 72 Cal. App. 4th 214, 85 Cal. Rptr. 2d 18 (1999) is misplaced. *See Sutcliffe* at 548, ("In [*Norwest*] the court held that 'state statutory remedies may be

invoked by out of state parties when they are harmed by wrongful conduct occurring in California.'"). Accordingly, General Mills' Motion to Dismiss should be denied.

### D. General Mills' 12(b)(6) Motion to Dismiss Should be Denied

As a preliminary matter, Defendants' Rule 12(b)(6) motion, much like its 12(b)(1) and 12(f) motions, is based entirely on Defendants' self-serving and conclusory assertion that its recall program provided complete and adequate relief to Plaintiff and members of the proposed class. As previously discussed, this type of factual finding is improper, and Defendants' 12(b)(6) motion should also be denied.

Rule 12(b)(6) motions test the legal sufficiency of the claims asserted in the complaint and dismissal is proper only where there is either a lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Solid Host,* 652 F. Supp. 2d at 1099 (internal citations omitted). "The court must accept all factual allegations pleaded in the complaint as true, and construe them and draw all reasonable inferences from them in favor of the nonmoving party." *Cahill v. Liberty Mutual Ins. Co.,* 80 F. 3d 336, 337-38 (9th Cir. 1996); *Mier v. Owens,* 57 F. 3d 747, 750 (9th Cir. 1995).

#### 1. Plaintiff Properly Plead UCL and FAL Claims

Plaintiff plainly disputes the adequacy of Defendants' recall program, as discussed above. Thus, Defendants cannot summarily assert there is no equitable relief available to Plaintiff and members of the proposed class due to the adequacy of its recall program.

California's UCL prohibits any unlawful, unfair or fraudulent business act or practice. The UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law. *Chabner v. United Omaha Life Ins. Co.,* 225 F. 3d 1042, 1048 (9th Cir. 2000). Violation of almost any federal, state or local law may serve as a basis for a

13

UCL claim. *Id.* "The FAL makes it unlawful for a business to disseminate any statement 'which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading' in connection with the sale of 'real or personal property' or 'services.'" *Gabali v. Onewest Bank,* No. 5:12-cv-02901 EJD, 2013 WL 1320770, at *4 (N.D. Cal. 2013).

Plaintiff has properly plead that Defendants violated California's Sherman Law by including a "gluten-free" label on a food that contained gluten, by fraudulently labeling the Cheerios gluten-free, thereby inducing Plaintiff and members of the proposed class to rely on the label in their purchase of the Cheerios, and by representing that the Cheerios met all FDA standards for gluten-free labeling when in fact Defendants knowingly failed to take necessary steps to ensure their products were gluten-free, such as failing to complete finished product testing. Compl. ¶¶ 14-15, 48-49, 55.

California courts have routinely held that the adequacy of a recall program is a factual finding that cannot be decided by the court on a 12(b)(6) motion. *Postier v. Louisana-Pacific Corp.,* No. C-09-3290 JCS, 2009 WL 3320470, at *5 (N.D. Cal. Oct. 13, 2009) ("Defendant's argument is unpersuasive . . . whether the recall has provided Plaintiff with a suitable remedy and whether it was done so within a reasonable time is in dispute and cannot be decided on a 12(b)(6) motion."); *Overton v. Bird Brain, Inc.,* No. SACV 11-1054 DOC (ANx), 2012 WL 909295, at *4 (C.D. Cal Mar. 15, 2012) ("[B]ecause the Court is to take all of Plaintiff's allegations as true at the present time, it cannot hold that the Recall was satisfactory as a matter of law.")

In sum, the factual dispute over the sufficiency of the recall program, and whether it provides an adequate remedy and equitable relief available to Plaintiff and members of the

proposed class, is not appropriate for resolution on a motion to dismiss and Defendant's Motion should be denied as to these claims.

### 2.     Plaintiff Properly Plead an Unjust Enrichment Claim

"Unjust enrichment 'broadly provides that a person who is unjustly enriched at the expense of another is subject to liability in restitution.'" *Victor v. R.C. Bigelow, Inc.,* No. 13-cv-02976-WHO, 2015 WL 4104609, at *2 (N.D. Cal. July 7, 2015). "[A] plaintiff advances a basis for obtaining restitution if he or she demonstrates a defendant's receipt and unjust retention of a benefit." *Id.* (internal citations omitted). The Ninth Circuit recently instructed that a claim for unjust enrichment should not be dismissed as duplicative or superfluous of other claims because a party may set out alternative claims. *Astiana v. Hain Celestial Grp., Inc.,* 783 F. 3d 753, 762 (9th Cir. Ct. App. 2015) (holding that when a plaintiff alleges unjust enrichment, a court may "construe the cause of action as a quasi-contract claim seeking restitution").

Here, similar to *Astiana,* Plaintiff has alleged she is entitled to relief because Defendants enticed Plaintiff and members of the proposed class to purchase products through false and misleading labeling. The Court in *Astiana* held this type of straightforward assertion is sufficient to state a quasi-contract cause of action. That Court further explained, "To the extent that the district court concluded that the cause of action was nonsensical because it was duplicative of or superfluous to Astiana's other claims, this is not grounds for dismissal." *Id.* at 762.

At this early stage of litigation, dismissal of Plaintiff's unjust enrichment claim is improper. The existence of Defendants' recall program does not establish the program's effectiveness, nor negate Plaintiff's unjust enrichment claim. Accordingly, Defendant's Motion to Dismiss should be denied and the parties should be allowed to proceed with discovery.

15

### 3.    Plaintiff Properly Plead Claims of Breach of Express Warranty and Under the KCPA

The Kentucky Consumer Protection Act was designed to give Kentucky consumers the broadest possible protection from illegal acts. *Stevens v. Motorists Mut. Inc. Co.,* 759 S.W.2d 819, 821 (Ky. 1988). While privity is generally required to assert a KCPA cause of action, Kentucky courts have found certain situations "distinguishable . . . such as that presented in *Ford Motor Co. v. Mayes,* Ky. App., 575 S.W.2d 480 (1978), where the defendant provide[d] warranties to the ultimate purchaser . . ." *Naiser v. Unilver United States, Inc.,* 975 F. Supp. 2d 727, 743 (W.D. K.Y. 2013). Any description of the goods that is made part of the basis of the bargain creates an express warranty that the goods shall conform to that description. *Id.*

In *Naiser,* plaintiffs purchased a hair care product from Target manufactured by defendant, Unilver. Unilever argued that statements on its product packaging did not create express warranties. The Court disagreed, holding that the descriptions on defendant's product packaging created an express warranty to consumers. *Id.* Unilever then argued that plaintiffs lacked privity with Uniliver because they purchased the product from a retailer, thus they could not succeed on a KCPA action nor an action for breach of express warranty.  The Court again disagreed holding that because defendant had made valid express warranties for the benefit of consumers, plaintiffs could maintain a KCPA claim and breach of express warranty claim despite the absence of a direct buyer-seller relationship with Unilever. *Id.*

Like *Naiser,* here General Mills made valid express warranties for Plaintiff's benefit, specifically false and untrue packaging descriptions about the gluten content of the Cheerios. These express warranties were made for the benefit of consumers. Accordingly, Plaintiff may maintain a cause of action under the KCPA. The same is true regarding Plaintiff's breach of express warranty claim – General Mills' express warranties that the Cheerios were "gluten-free"

16

were clearly intended for the product's consumers, including Plaintiff and members of the proposed class.

Lastly, it is undisputed that General Mills was on notice of its breach of express warranty. Compl. ¶ 13. Indeed, General Mills was aware of the breach well before Plaintiff. Thus, Defendants had ample time to cure the breach, but instead made the decision to offer replacements and in some instances, only "replacement coupons." (Hagen Decl. ¶ 3.) Moreover, where "a breach of express warranty claim is brought 'by injured consumers against manufacturers with whom they have not dealt,' then notice is not required." *McVicar v. Goodman Global, Inc.,* 1 F. Supp. 3d 1044, 1058 (C.D. Cal. 2014).

### 4.     Plaintiff Sufficiently Plead a Claim Under the CLRA

The California Consumer Legal Remedies Act permits plaintiffs to recover both actual and punitive damages, to obtain equitable relief enjoining illegal acts or practices of defendants and to seek any other relief that the court deems proper. *See Walter v. Hughs Communs., Inc.,* 682 F. Supp. 2d 1031, 1039 (N.D. Cal. 2010).

As previously discussed, Defendants cannot summarily assert that any meager recovery from its recall program provided effective, adequate or complete relief to Plaintiff and members of the proposed class. In *Postier v. Louisiana-Pacific Corp.,* 2009 WL 3320470 at *4, defendant argued that its recall program prohibited a consumer action for damages under the CLRA because "[p]laintiff cannot . . . create a claim for damages, by refusing to cooperate with the process through which [defendant] has agreed to provide a remedy." The Court rejected this argument: "Considering allegations of the Complaint, and accepting them as true for purposes of this motion to dismiss, the Court cannot conclude that the recall program instituted by defendant provides an appropriate correction to plaintiff."

17

Plaintiff has sufficiently alleged that Defendants violated provisions of the CLRA, including: misrepresenting that the Cheerios came from a gluten-free source, representing that the Cheerios had sponsorship, approval, characteristics, uses and benefits that they do not, representing that the Cheerios are of a particular standard, quality or grade when they are not, failing to exercise reasonable care and compliance with governing regulations, and failing to complete finished product testing. Compl. ¶¶ 66-69, 88. The extent of Defendants' misconduct, the adequacy of its recall, and the appropriate relief are issues for the finder of fact. They cannot be resolved on a motion to dismiss.

### 5.      Plaintiff Sufficiently Plead a Negligence Claim

General Mills owed duties to Plaintiff and members of the proposed class to use reasonable care to provide true, reliable and safe information regarding its product, Cheerios. Defendants breached their duties to Plaintiff and members of the proposed class by selling Cheerios labeled as "gluten free" when they were not gluten-free, and could not provide the promised benefits. Compl. ¶¶ 100-01. Not only did Defendant breach its duty to consumers by failing to use reasonable care to ensure the Cheerios were indeed gluten-free, but also by failing to ensure the oats used in the Cheerios manufacturing met regulatory guidelines and in failing to complete finished product testing. *Id.* ¶ 103. Defendants' breach of these duties caused Plaintiff and members of the proposed class to suffer damages, including preventing consumers from making fully informed purchases pursuant to Kentucky's Food, Drug and Cosmetic Act. KRS 217.037. Plaintiff has plead sufficient injury beyond economic injury. Compl. ¶¶ 77, 81, 84, 93, 103.

The economic loss rule described in *Giddings & Lewis, Inc., v. Industrial Risk Insurers,* 348 S.W. 3d 729 (Ky. 2011) does not support dismissal here.  There, the Supreme Court of Kentucky held that "The economic loss rule prevents the commercial purchaser of a product from

18

suing in tort to recover for economic losses arising from the malfunction of the product itself, recognizing that such damages must be recovered, if at all, pursuant to contract law." *Id.* at 733. The economic loss rule provides that a manufacturer in a commercial relationship has no duty to prevent a product from injuring itself. *Id.* at 738.  That does not apply here.

The Sixth Circuit has also construed the Kentucky economic loss rule to apply to business product purchases, as opposed to consumer product purchases. *See Mt. Lebanon Pers. Care Home, Inc. v. Hoover Universal, Inc.,* 276 F. 3d 845, 849 (6th Cir. 2002) ("We think, then, that *Franz* probably answers in the negative in the question of whether the economic loss doctrine applies to consumer purchase in Kentucky.") (citing *Real Estate Marketing, Inc. v. Franz,* 885 S.W.2d 921 (Ky. 1994)). The economic loss doctrine is intended to prohibit recovery in tort, where recovery in contract law is more appropriate. "[T]ort law, primarily out of a concern for safety, fixes the responsibility for a defective product directly on the parties responsible for placing the product into the stream of commerce," while contract law "gives the parties to a venture freedom to allocate risk as they see fit." *Id.* The transaction between Defendants and Plaintiff was clearly not a contract wherein the parties had the freedom to allocate risk as they saw fit, nor were Plaintiff and other consumers able to "insure against the risk" of purchasing mislabeled cereal. Indeed, Plaintiff's claims are tort claims where Defendant was responsible for placing a mislabeled product into the stream of commerce. *Id.* For all of the foregoing reasons, Defendant's motion to dismiss Plaintiff's negligence claim should be denied.

### 6.  Plaintiff Alternatively Requests Leave to Amend

Alternatively, Plaintiff requests leave to amend pursuant to Rule 15(a) to address any deficiencies identified by the Court.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.    CONCLUSION

Defendants' self-serving assertion that its recall program was adequate is the sole basis for the foregoing motions. This factual determination cannot be resolved on a motion to dismiss and Defendants' 12(b)(1), 12(b)(6) and 12(f) motions should be denied.


DATED: February 25, 2016                          **AHDOOT & WOLFSON, PC**

By:  _/s/ Tina Wolfson_____
Tina Wolfson
twolfson@ahdootwolfson.com
1016 Palm Avenue
West Hollywood, California 90069
Tel: (310) 474-9111
Fax: (310) 474-8585

**JONES WARD, PLC**
Jasper D. Ward IV*
Alex C. Davis*
312 S. Fourth Street, 6th Floor
Louisville, Kentucky 40202
Tel: (502) 882-6000
Fax: (502) 587-2007
*Pro hac vice application to be filed

Counsel for Plaintiff,
Jacklyn Haddix