1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| JACKLYN HADDIX, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>GENERAL MILLS, INC.; GENERAL MILLS SALES, INC.; GENERAL MILLS OPERATIONS, LLC, and DOES 1–50,<br><br>                    Defendants. | No.  2:15-cv-02625-MCE-AC<br><br><br>**MEMORANDUM AND ORDER** |

18

19          Plaintiff Jacklyn Haddix ("Plaintiff") filed this putative class action against

20   Defendants General Mills, Inc., General Mills Sales, Inc., and Does 1-50 (collectively

21   "Defendants"), alleging seven claims for relief:  (1) violation of California's Unfair

22   Competition Law ("UCL"); (2) violation of California's False Advertising Law ("FAL");

23   (3) violation of California's Consumer Legal Remedies Act ("CRLA"); (4) violation of

24   Kentucky's Consumer Protection Act ("KCPA"); (5) unjust enrichment; (6) breach of

25   express warranty; and (7) negligence.  Presently before the Court are Defendants'

26   Motions to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)[1]

27   _____

28          [1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise indicated.

1  and Defendants' Motion to Strike Plaintiff's class allegations pursuant to FRCP 12(f).

2  ECF No. 7. [2]  For the following reasons, Defendants' motions are GRANTED in part and

3  DENIED in part. [3]

4

5  **BACKGROUND**[4]

6

7      Beginning in July 2015, Defendants began a manufacturing process to produce

8  certain of their Cheerios cereal products without gluten.  Defendants labeled these

9  Cheerios products as "gluten free."  After Defendants began selling these gluten free

10  products, the U.S. Food and Drug Administration ("FDA") received complaints about the

11  products' gluten level.  Subsequent FDA testing confirmed that a sample of Defendants'

12  gluten free products had levels of gluten that exceeded applicable FDA regulations.

13      On October 5, 2015, Defendants announced a voluntary recall of approximately

14  1.8 million units of Cheerios products produced in their Lodi, California, packaging

15  facility.  Defendants maintain that there was an isolated incident at the Lodi facility that

16  resulted in wheat flour, which contains gluten, being inadvertently introduced into select

17  batches of the gluten free Cheerios packaged at that facility.

18      Plaintiff Jacklyn Haddix is a citizen and resident of Fayette County, Kentucky.  In

19  late September 2015, Plaintiff purchased two boxes of Defendants' purportedly gluten

20  free Cheerios from the Kroger store in Lexington, Kentucky.  She subsequently learned

21  that the Cheerios she purchased were recalled for containing gluten.  She returned the

22  Cheerios to the Kroger store on or about October 9, 2015.  Plaintiff, on behalf of herself

23  ///

24  [2] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

25

26  [3] Defendants also requested that the Court take judicial notice of various documents in support of the instant motions (ECF No. 8).  Plaintiffs failed to oppose that request, and it is therefore GRANTED on that basis.

27

28  [4] The following recitation of facts is taken, sometimes verbatim, from Plaintiff's Complaint (ECF No. 1) and Plaintiff's Opposition to Defendants' Motion to Dismiss (ECF No. 13).

2

and all those similarly situated, seeks redress for damages caused by Defendants' allegedly unlawful conduct in advertising and selling products labeled as gluten free.

In February 2016, Defendants filed the instant motions.  Defendants' Rule 12(b)(1) motion argues that Plaintiff lacks standing to pursue her claims because Defendants' recall program provides her with all of the relief they seek.  The motion to strike seeks to excise Plaintiff's class action allegations from the Complaint.  Finally, Defendants' Rule 12(b)(6) motion attacks the sufficiency of each of Plaintiff's claims.

**STANDARD**

**A.      12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction over civil actions.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  The burden of establishing the contrary rests upon the party asserting jurisdiction.  Id.  Lack of subject matter jurisdiction may be raised by either party at any point during the litigation, through a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).  Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see also Int'l Union of Operating Eng'rs v. Cnty. of Plumas, 559 F.3d 1041, 1043-44 (9th Cir. 2009).

There are two types of motions to dismiss for lack of subject matter jurisdiction: a facial attack, and a factual attack.  Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979).  Thus, a party may either make an attack on the allegations of jurisdiction contained in the nonmoving party's complaint, or may challenge the existence of subject matter jurisdiction in fact, despite the formal sufficiency of the pleadings.  Id.

In the case of a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations."  Thornill, 594 F.2d at 733 (internal citation omitted).  The party opposing the motion has the burden of proving that subject matter jurisdiction does exist, and must present any necessary evidence to satisfy this burden.  St. Clair v. City of Chico,

1   880 F.2d 199, 201 (9th Cir. 1989).  If the plaintiff's allegations of jurisdictional facts are

2   challenged by the adversary in the appropriate manner, the plaintiff cannot rest on the

3   mere assertion that factual issues may exist.  Trentacosta v. Frontier Pac. Aircraft Ind.,

4   Inc., 813 F.2d 1553, 1558 (9th Cir. 1987) (quoting Exch. Nat'l Bank of Chi. v. Touche

5   Ross & Co., 544 F.2d 1126, 1131 (2d Cir. 1976)).  Furthermore, the district court may

6   review any evidence necessary, including affidavits and testimony, in order to determine

7   whether subject matter jurisdiction exists.  McCarthy v. United States, 850 F.2d 558, 560

8   (9th Cir. 1988); Thornhill, 594 F.2d at 733.  If the nonmoving party fails to meet its

9   burden and the court determines that it lacks subject matter jurisdiction, the court must

10  dismiss the action.  Fed. R. Civ. P. 12(h)(3).

11          **B.      12(b)(6) Motion to Dismiss for Failure to State a Claim**

12          On a motion to dismiss for failure to state a claim under Federal Rule of Civil

13  Procedure 12(b)(6), all allegations of material fact must be accepted as true and

14  construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins.

15  Co., 80 F.3d 336,337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain

16  statement of the claim showing that the pleader is entitled to relief" in order to "give the

17  defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell

18  Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41,

19  47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require

20  detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of

21  his entitlement to relief requires more than labels and conclusions, and a formulaic

22  recitation of the elements of a cause of action will not do."  Id. (internal citations and

23  quotations omitted).  A court is not required to accept as true a "legal conclusion

24  couched as a factual allegation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009)

25  (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right

26  to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan

27  Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating

28  ///

4

1    that the pleading must contain something more than "a statement of facts that merely

2    creates a suspicion [of] a legally cognizable right of action.")).

3        Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket

4    assertion, of entitlement to relief."  Twombly, 550 U.S. at 556 n.3 (internal citations and

5    quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard

6    to see how a claimant could satisfy the requirements of providing not only 'fair notice' of

7    the nature of the claim, but also 'grounds' on which the claim rests."  Id. (citing 5 Charles

8    Alan Wright & Arthur R. Miller, supra, at § 1202).  A pleading must contain "only enough

9    facts to state a claim to relief that is plausible on its face."  Id. at 570.  If the "plaintiffs . . .

10   have not nudged their claims across the line from conceivable to plausible, their

11   complaint must be dismissed."  Id.  However, "[a] well-pleaded complaint may proceed

12   even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a

13   recovery is very remote and unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S.

14   232, 236 (1974)).

15       **C.    Leave to Amend**

16       A court granting a motion to dismiss a complaint must then decide whether to

17   grant leave to amend.  Leave to amend should be "freely given" where there is no

18   "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice

19   to the opposing party by virtue of allowance of the amendment, [or] futility of the

20   amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.

21   Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to

22   be considered when deciding whether to grant leave to amend).  Not all of these factors

23   merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . .

24   carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,

25   185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that

26   "the complaint could not be saved by any amendment."  Intri-Plex Techs. v. Crest Group,

27   Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006,

28   1013 (9th Cir. 2005)); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.

1   1989) ("Leave need not be granted where the amendment of the complaint . . .

2   constitutes an exercise in futility . . . .")).

3   **D.     12(f) Motion to Strike (Class Allegations)**

4       The Court may strike "from any pleading any insufficient defense or any

5   redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he

6   function of a 12(f) motion to strike is to avoid the expenditure of time and money that

7   must arise from litigating spurious issues by dispensing with those issues prior to

8   trial . . . ." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). An

9   immaterial matter is that which has no essential or important relationship to the claim for

10   relief or the defenses being pleaded. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th

11   Cir. 1993), rev'd on other grounds 510 U.S. 517 (1994) (internal citations and quotations

12   omitted). An impertinent matter also consists of statements that do not pertain, and are

13   not necessary, to the issues in question. Id.

14

15                          **ANALYSIS**

16

17       The Court first addresses Defendants' motions to dismiss. Where the Court finds

18   a lack of subject matter jurisdiction and grants Defendants' 12(b)(1) motion, it does not

19   address the sufficiency of Plaintiff's pleadings in stating a claim. The Court then

20   addresses Defendants' 12(f) motion to strike.

21   **A.     First, Second, and Third Claims for Violation of California's UCL, FAL,**
         **and CLRA**
22

23       Plaintiff alleges that Defendants' labeling and advertising certain Cheerios

24   products as gluten free violated California's UCL, FAL, and CLRA. Plaintiff's UCL claim

25   contends that Defendants' gluten free Cheerios products contained gluten and as such

26   the gluten free label constitutes an "unlawful" business practice within the scope of the

27   UCL. ECF No. 1 ¶ 47. Plaintiff also contends that the gluten free label constitutes a

28   "fraudulent" business practice under the UCL because Defendants' use of the label

                                    6

"created the misimpression that their products do not contain gluten and are therefore safe for those persons who may be sensitive to gluten."  Id. at ¶ 48.  In addition, Plaintiff alleges Defendants violated the UCL's "unfair" prong because the public harm stemming from the gluten free label outweighs any utility of the label.  Id. at ¶ 50.

Plaintiff's FAL claim alleges Defendants committed acts of disseminating untrue and misleading statements under the purview of the FAL by inducing the public to purchase the gluten free products.  Id. at ¶ 55.  Public inducement was allegedly achieved by: representing that the gluten free products were safe for consumption by gluten-sensitive individuals, advertisements that created the "image, impression and belief by consumers that Cheerios cereals were free of gluten and safe for consumption by those sensitive to gluten," and representing that Defendants had developed a reliable method for ensuring the Cheerios were gluten free.  Id.  Finally, Plaintiff's CLRA cause of action alleges that Defendants intentionally sold misbranded gluten free Cheerios products to consumers.

By way of her FAL and UCL claims, Plaintiff seeks only injunctive relief.  As to her CLRA claim, Plaintiff requests an order enjoining Defendants' actions as well as attorneys' fees and costs and states that she will amend her Complaint to seek damages as well.

Defendants move to dismiss all three claims for lack of subject matter jurisdiction and for failure to state a claim, arguing that Plaintiff lacks standing to pursue injunctive relief.  Defendants also challenge the legal sufficiency of Plaintiff's claim for damages under the CLRA pursuant to Rule 12(b)(6).

### 1.    Standing to Pursue Injunctive Relief

The Article III "case or controversy" requirement of the United States Constitution "restricts the authority of federal courts to resolving the legal rights of litigants in actual controversies."  Genesis Healthcare Corp. v. Symcyzk, 133 S. Ct. 1523, 1528 (2013).  Thus, for a federal court to have subject matter jurisdiction, there must be a "live" controversy for the court to adjudicate.  Powell v. McCormack, 395 U.S. 486, 496 (1969).

1    Plaintiff's UCL and FAL causes of action both seek injunctive relief only.  More

2    specifically, Plaintiff's UCL cause of action seeks "an order requiring Defendants to

3    immediately cease such acts of unlawful, unfair and fraudulent business practices and

4    requiring Defendants to correct their actions."  Compl., ECF No. 1 ¶ 52.  Plaintiff's FAL

5    cause of action seeks "judgment against Defendants for injunctive relief afforded under

6    the FAL, and attorneys' fees and costs."  Id. at ¶ 57.

7        For injunctive relief to be proper, however, Plaintiff must show she and the

8    proposed class suffered an injury that is "likely" to be "redressed by a favorable

9    decision."  Lujan v. Def. Wildlife, 504 U.S. 555, 560-61 (1992).  Moreover, Plaintiff must

10   demonstrate "a sufficient likelihood that [he or she] will again be wronged in a similar

11   way."  Bates v. United Parcel Serv., Inc., 511 F.3d 974, 985 (9th Cir. 2007) (quoting City

12   of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983)).

13       When the moving party makes a factual attack in a motion to dismiss for lack of

14   subject matter jurisdiction, the Court is not required to accept Plaintiff's allegations as

15   true.  Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

16   Rather, "[o]nce the moving party has converted the motion to dismiss into a factual

17   motion by presenting affidavits or other evidence properly brought before the court, the

18   party opposing the motion must furnish affidavits or other evidence necessary to satisfy

19   its burden of establishing subject matter jurisdiction."  Safe Air for Everyone v. Meyer,

20   373 F.3d 1035, 1039 (9th Cir. 2004) (citing Savage v. Glendale Union High Sch.,

21   343 F.3d 1036, 1039 n.2 (9th Cir.2003)).

22       Defendants make a factual attack on subject matter jurisdiction by attaching an

23   affidavit from their Director of Global Consumer Relations.  ECF No. 9-2.  The affidavit

24   declares that there was an isolated incident at General Mills' production facility in Lodi,

25   California, resulting in the inadvertent introduction of gluten into certain Cheerios

26   products.  Id. ¶ 2.  The affidavit also details the nature and availability of Defendants'

27   voluntary recall program.  Id. ¶¶ 3-7.  With the affidavit as support, Defendants argue

28   there is no likelihood that Plaintiff or any member of the putative class or public will be

8

1   wronged again by the gluten free Cheerios products because all contaminated batches

2   were successfully identified and recalled.  Defs.' Mot., ECF No. 7 at 6-11.  Defendants

3   therefore contend that there is no live controversy for the Court to adjudicate and

4   Plaintiff's claims should be dismissed for a lack of subject matter jurisdiction.  Id.

5          Plaintiff responds that the Court does have subject matter jurisdiction because the

6   Complaint challenged the adequacy of the recall program. Pl's Opp'n., ECF No. 13 at 3.

7   However, Plaintiff makes this assertion in her Opposition brief and the portions of the

8   Complaint cited to as support do not even tangentially mention Defendants' recall

9   program, let alone challenge it.  Id.  Moreover, because Defendants attached an affidavit

10  to their motion detailing the comprehensive nature of the recall program, Plaintiff could

11  not simply rely on contrary assertions in her Opposition brief to establish subject matter

12  jurisdiction.  See Safe Air for Everyone, 373 F.3d at 1039.  Instead, it was incumbent on

13  Plaintiff to furnish affidavits or other evidence challenging the efficacy of the recall

14  program.  Id.  The bare assertion in Plaintiff's Opposition papers, unsupported by her

15  Complaint, is not enough to carry the burden of establishing subject matter jurisdiction.

16         Plaintiff also maintains that Defendants' Motion must be denied because the

17  merits of her claims are intertwined with the issue of subject matter jurisdiction and

18  "[w]here factual jurisdictional issues are intertwined with factual questions going to the

19  merits, a court may not decide those factual issues on a Rule 12(b)(1) motion."  Pl.'s

20  Opp'n., ECF No. 13 at 3-4; Nino v. United States, No. 13CV0469, 2015 WL 5032644, at

21  *5 (S.D.. Cal. Aug. 25, 2015) (citing Sun Valley Gasoline, Inc. v. Ernst Enters., Inc.,

22  711 F.2d 138, 140-41 (9th Cir. 1983)).  However, for Plaintiff's argument to apply, a

23  statute would have to provide the basis for both subject matter jurisdiction and Plaintiff's

24  substantive claims for relief.  Safe Air for Everyone, 373 F.3d at 1039 (the merits of an

25  action and subject matter jurisdiction are intertwined where "a statute provides the basis

26  for both the subject matter jurisdiction of the federal court and the plaintiff's substantive

27  claim for relief.").

28  ///

1   Plaintiff does not identify a statute that provides both the basis for subject matter

2   jurisdiction and the basis for her substantive claims for relief.  Rather, Plaintiff summarily

3   states that the merits of her case are necessarily intertwined with the question of

4   whether Defendants' recall program is adequate.  Pl.'s Opp'n., ECF No. 13 at 3.

5   Plaintiff's bald statement and coinciding failure to provide a statute precludes her from

6   availing herself of Safe Air's "intertwined with the merits" jurisdictional exception.

7   Contrary to Plaintiff's arguments in her Opposition, the Court has not determined

8   whether Defendants' recall program was adequate; the Court has only determined that

9   Plaintiff did not satisfy her burden of establishing subject matter jurisdiction in the face of

10  Defendants' factual attack.

11  Defendants challenge the Court's jurisdiction over Plaintiff's request for injunctive

12  relief under the CLRA for the same reasons.  As with her UCL and FAL claims, Plaintiff

13  lacks standing because she failed to present affidavits or other evidence establishing

14  subject matter jurisdiction as was required when confronted by Defendants' factual

15  attack on subject matter jurisdiction.  Safe Air for Everyone, 373 F.3d at 1039.

16  Consequently, Defendants' motion to dismiss Plaintiff's UCL and FAL causes of

17  action is GRANTED and Plaintiff's claims are DISMISSED.  Furthermore, to the extent

18  Plaintiff seeks injunctive relief under her CLRA claim, that claim is DISMISSED as well.

19  Plaintiff may, however, be able to satisfy Article III's requirements if she can make

20  factual allegations showing some continued threat of harm from Defendants' Gluten Free

21  Cheerios products.  The Court therefore grants Plaintiff leave to amend.  See Figy v.

22  Frito-Lay N. Am., Inc., 67 F. Supp. 3d 1075, 1085-86 (N.D. Cal. 2014) (granting leave to

23  amend because the Court was not persuaded that amendment would be futile although

24  Plaintiffs failed to offer evidence that the Court had subject-matter jurisdiction in the face

25  of Defendants' factual attack).

26  ///

27  ///

28  ///

1

     2.      **Damages**

2

     a.      **Subject matter jurisdiction**

3       Unlike the claim for injunctive relief, Plaintiffs' claim for damages under the CLRA

4  is not dismissed for a lack of subject matter jurisdiction.[5]  Defendants' argument that all

5  claims for economic damages are "moot" because Plaintiff was entitled to a refund

6  through Defendants' voluntary recall program and indeed received that refund when she

7  returned the Gluten Free Cheerios that she purchased is rejected.  Def's Mot., ECF

8  No. 7 at 7.

9       Mootness resulting in a lack of subject matter jurisdiction occurs when "an

10  opposing party has agreed to everything the other party has demanded."  GCB

11  Commc'ns v. U.S. S. Commc'ns, 650 F.3d 1257, 1267 (9th Cir. 2011).  Here, however,

12  Defendants have not so agreed.  While Defendants have provided a full recall and

13  offered replacement of contaminated boxes of their Cheerios products or a full refund of

14  the purchase price of gluten free Cheerios products, that covers only a portion of

15  Plaintiff's purported damages. Def's Mot., ECF No. 7 at 9.  Indeed, Plaintiff requests

16  damages that exceed the scope of the recall program and relate to Defendants'

17  business practices prior to instituting the recall program.  ECF No. 1 at 18.  As

18  Defendants have not provided all of the damages that Plaintiff seeks, Defendants have

19  not "agreed to everything the other party has demanded," and Plaintiff's CLRA claim

20  cannot be considered moot.  GCB Commc'ns, 650 F.3d 1267.

21       Accordingly, Defendants' motion to dismiss Plaintiff's CLRA damages claim for a

22  lack of subject matter jurisdiction is DENIED and the Court must assess whether

23  Plaintiff's pleadings are sufficient to state a claim.

24

     b.      **The pleadings are sufficient to state a claim**

25       The CLRA enables a consumer to bring a class action if the consumer has

26  suffered "any damage" from any "method, act, or practice" made unlawful by the Act.

27

28

---

[5] Although Plaintiff has yet to amend her Complaint to specifically seek damages under the CLRA, Plaintiffs' prayer for relief seeks an award of "compensatory, exemplary, punitive and statutory penalties and damages, including interest, in an amount to be proven at trial."  ECF No. 1 at 18

1   Cal. Civ. Code §§ 1780(a), 1781(a).  The CLRA makes it unlawful for anyone to

2   misrepresent "the source, sponsorship, approval, or certification of goods or services."

3   Id. § 1770(a)(2).  Plaintiff alleges that Defendants' gluten free Cheerios are a "good" that

4   Defendants misrepresented as not containing gluten.  ECF No. 1 at ¶ 66.  The CLRA

5   also makes it unlawful for anyone to represent that "goods or services have sponsorship,

6   approval, characteristics, ingredients, uses, benefits, or quantities that they do not

7   have…."  Id. § 1770(a)(5).  Plaintiff alleges that Defendants' gluten free label

8   represented that the Cheerios products had "sponsorship, approval, characteristics,

9   uses, and benefits which they do not have under the governing law."  ECF No. 1 at ¶ 67.

10  The CLRA also makes it unlawful for anyone to represent "that goods or services are of

11  a particular standard, quality, or grade, or that goods are of a particular style or model, if

12  they are of another."  Cal. Civ. Code § 1770(a)(7).  Plaintiff alleges that Defendants'

13  gluten free label represented that the Cheerios products were "to be of a particular

14  standard, quality, or grade which they are not under the governing law."  ECF No. 1 at

15  ¶ 68.  The CLRA similarly makes it unlawful for anyone to "advertis[e] goods or services

16  with intent not to sell them as advertised."  Cal. Civ. Code § 1770(a)(9).  Plaintiff alleges

17  that "[b]y introducing Cheerios products which contained gluten, but were labeled 'Gluten

18  Free' into the stream of commerce … Defendants thus intentionally sold misbranded

19  products."  ECF No. 1 at ¶ 69.

20        Defendants narrowly construe Plaintiff's request for damages under the CLRA as

21  a request for the purchase price of the contaminated Cheerios products.  ECF No. 7 at 7,

22  11.  Based on this assumption, Defendants argue that they have already provided the

23  damages relief sought by Plaintiff because all of the affected cereal products are eligible

24  for a full refund from Defendants.  Id.  Defendants thus contend that Plaintiff cannot bring

25  claim for damages under the CLRA.  Id.

26        As indicated above, Plaintiff seeks more than a mere refund.  Rather, Plaintiff's

27  Complaint seeks "compensatory, exemplary, punitive and statutory penalties and

28  damages, including interest, in an amount to be proven at trial."  ECF No. 1 at 18.

1   Moreover, whether Defendants' recall program correctly and fully identified all batches of

2   contaminated Cheerios products is a factual question that can only be resolved after

3   Plaintiff has an opportunity to pursue discovery.  See Cahill v. Liberty Mut. Ins. Co., 80

4   F.3d 336, 337-38 (9th Cir. 1996) (stating that motions to dismiss for failure to state a

5   claim require a Court to accept all allegations of material fact as true and "[a] complaint

6   should not be dismissed unless a Plaintiff can prove no set of facts in support of his

7   claim which would entitle him to relief.").  Because Plaintiff has stated sufficient facts to

8   state a plausible claim for relief under the CLRA, Defendants' motion to dismiss for

9   failure to state a claim is DENIED.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

10  **C.      Fourth Claim – Violation of KCPA**

11          Plaintiff purchased her gluten free Cheerios in Kentucky and accordingly brings a

12  claim under the KCPA.  The KCPA makes unlawful any "[u]nfair, false, misleading, or

13  deceptive acts or practices in the conduct of any trade or commerce."  Ky. Rev. Stat.

14  Ann. § 367.170.  Plaintiff alleges Defendants violated the KCPA "by the use of false and

15  misleading representations or omissions of material fact in connection with the

16  marketing, promotion, and sale of the recalled Products, including the fact that the

17  Cheerios were advertised as 'Gluten Free' when in fact, they contained 43 ppm of

18  gluten."  ECF No. 1 at ¶¶ 74-76.  Defendants move to dismiss for failure to state a claim

19  on the ground that Kentucky law requires privity of contract between the parties.

20  Defendants contend that because Plaintiff purchased her Cheerios at the Kroger grocery

21  store rather than directly from Defendants, there is no privity of contract and as such her

22  KCPA must be dismissed.  Id. at 18.

23          The Court disagrees.  The KCPA does not require privity of contract where a

24  defendant provided express warranties to the ultimate purchaser.  Naiser v. Unilever

25  U.S., Inc., 975 F. Supp. 2d 727, 743 (W.D. Ky. 2013) (citing Skilcraft Sheetmetal, Inc. v.

26  Ky. Mach., Inc, 836 S.W. 2d 907, 909 (Ky. App. 1992).[6]  As the packaging on

27          [6] Defendants' contention that Naiser is the "sole case to allow consumers to bring express
28  warranty and KCPA claims without privity with the manufacturer" is inaccurate.  Compare ECF No. 14 at 8
    with Bosch v. Bayer Healthcare Pharmaceuticals, Inc., 13 F. Supp. 3d 730, 748-749 (W.D. Ky. April 8,

1  Defendants' gluten free Cheerios included an express warranty for Plaintiff's benefit, her

2  KCPA claim falls within this exception. Defendants' motion is therefore DENIED as to

3  Plaintiff's Fourth Claim for Violation of the KCPA.

4        **D.**     **Fifth Claim – Unjust Enrichment**

5        Plaintiffs also assert a cause of action for unjust enrichment.  ECF No. 1 at 16.

6  Defendants argue this cause of action should be dismissed for failure to state a claim

7  because California does not recognize a cause of action for unjust enrichment and "it is,

8  in fact, not a claim at all."  ECF No. 7 at 18 (quoting <u>McVicar v. Goodman Glob., Inc.</u>,

9  1 F. Supp. 3d 1044, 1059 (C.D. Cal. 2014).  The Court agrees.  "Courts consistently

10  have held that unjust enrichment is not a proper cause of action under California law."

11  <u>McVicar v. Goodman Glob., Inc.</u>, 1 F. Supp. 3d 1044, 1059 (C.D. Cal. 2014) (quoting

12  <u>In re Toyota Motor Corp. Unintended Acceleration, Mktg., Sales Practices, & Prods.</u>

13  <u>Liab. Litig.</u>, 754 F.Supp.2d 1145, 1194 (C.D. Cal. 2010)).  Thus, Defendants' motion to

14  dismiss Plaintiff's unjust enrichment claim is GRANTED without leave to amend.

15        **E.**     **Sixth Claim – Breach of Express Warranty**

16        To state a claim for breach of express warranty, a plaintiff is required to "allege

17  the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of

18  that warranty which proximately causes plaintiff injury."  <u>Williams v. Beechnut Nutrition</u>

19  <u>Corp.</u>, 185 Cal. App. 3d 135, 142 (Ct. App. 1986).  Plaintiff alleges that Defendants'

20  gluten free label expressly warranted that products bearing that label complied with all

21  laws and regulations relating to gluten free foods, and that the products "would indeed

22  be gluten free and could be consumed by persons who were sensitive to gluten or

23  desired to exclude foods containing gluten from their diets."  ECF No. 1 at ¶¶ 92-93.

24  Plaintiff also alleges that she relied on Defendants' advertising and gluten free label in

25  purchasing the gluten free Cheerios and that Defendants breached the express warranty

26

27  2014) (applying the <u>Naiser</u> exception to Kentucky's privity requirement).  Furthermore, Defendant's
reliance on <u>Taylor v. Southwire Tools & Equipment</u> is misplaced because the defendant in that case,
unlike Defendants here, "neither manufactured nor packaged" the product in question.  <u>Taylor v. Southwire</u>

28  <u>Tools & Equipment</u>, 130 F. Supp. 3d 1017, 1023 (E.D. Ky. Sept. 11, 2015).

1    "by failing to ensure that the oats used in the Cheerios met the regulatory guidelines, by

2    failing to ensure the oat flour was free of gluten, and failing to test the finished cereal

3    products." Id. at ¶¶ 93-96.  Defendants nonetheless claim that Plaintiffs' claim should be

4    dismissed because Plaintiff was required to allege that she provided Defendants with

5    pre-suit notice of the breach and failed to do so.[7]  ECF No. 7 at 18-19 (citing Alvarez v.

6    Chevron Corp., 656 F.3d 925, 932 (9th Cir. 2011)).

7         Under most circumstances, plaintiffs are required to provide defendants with

8    pre-suit notice within a reasonable time after discovering an alleged breach of warranty.

9    Cal. Com. Code § 2607; Alvarez, 656 F.3d at 932 (9th Cir. 2011).  Plaintiff concedes that

10   notice was not given, but contends this failure should be excused because Defendants'

11   were on actual notice of the alleged breach.  ECF No. 13 at 17.  Indeed, the California

12   Supreme Court has construed a previous, analogous statute and found that pre-suit

13   notice is not required where a breach of express warranty claim is "brought by injured

14   consumers against manufacturers with whom they have not dealt."  Greenman v. Yuba

15   Power Products, Inc., 59 Cal.2d 57, 61 (Cal. 1963); see also, e.g., McVicar v. Goodman

16   Global, Inc., 1 F. Supp. 3d 1044, 1058 (C.D. Cal. 2014); Sanders v. Apple Inc.,

17   67  F. Supp. 2d 978 (N.D. Cal. 2009).

18        Plaintiff's argument that pre-suit notice was not required here is persuasive.

19   While Alvarez succinctly states the general rule, the Ninth Circuit had no reason to

20   consider the Greenman exception because the plaintiffs in in that case had dealt directly

21   with the defendant manufacturers.  See Alvarez, 656 F. 3d at 928.  The Greenman

22   exception remains good law in California, and its application here is reinforced by the

23   fact that the purpose of § 2607's pre-suit notice requirement is to "allow the breaching

24   party to cure the breach and thereby avoid the necessity of litigating the matter in court."

25   Alvarez, 656 F.3d at 932.  Because of the fact that Defendants were indisputably aware

26   _____
             [7] Defendants also contend that Plaintiff's breach of warranty claim should be dismissed pursuant
27   to Kentucky law because "Plaintiff asserts" that she brought her claim under the laws of that state.  ECF
     No. 14 at 8, n.3.  That argument is specious.  While the Complaint does not specify whether Plaintiff's
28   breach of warranty claim is brought under California or Kentucky law, Plaintiff's Opposition is utterly devoid
     of any such assertion and, in fact, opposes Defendants' notice argument under California law.

1    of the alleged breach prior to Plaintiff's filing of the instant action, imposing § 2607's pre-

2    suit notice requirement here would fail to serve its purpose.  Accordingly, Defendants'

3    motion is DENIED as to Plaintiff's breach of express warranty claim.

4               **F.**      **Seventh Claim – Negligence**

5           Plaintiff also brings a claim for negligence on behalf of the Kentucky Class.  To

6    state a negligence cause of action under Kentucky law, a plaintiff must plead factual

7    allegations plausibly giving rise to (1) a duty on the part of the defendant; (2) a breach of

8    that duty; and (3) consequent injury.  <u>Mullins v. Commonwealth Life Ins. Co.</u>, 839 S.W.2d

9    245, 247 (Ky. 1992).  Plaintiff alleges that Defendants owed Plaintiff and the proposed

10   class a duty "to use reasonable care to provide true, reliable and safe information

11   regarding the Cheerios."  ECF No. 1 at ¶ 99.  Plaintiff further alleges that Defendants

12   breached that duty by intentionally selling gluten free Cheerios when Defendants "could

13   not provide the promised gluten free benefits."  <u>Id.</u> at ¶ 100.  Plaintiff also alleges that

14   she and the proposed class suffered damages "in an amount to be proven at trial."  <u>Id.</u> at

15   ¶ 104.

16           Defendants argue that Plaintiff's claim is barred by the economic loss rule

17   because the Complaint does not allege any injury apart from the economic loss Plaintiff

18   suffered from the purchase of Defendants' gluten free Cheerios.  This argument lacks

19   merit.  First, Plaintiff alleged that she and the proposed class were "damaged in an

20   amount to be proven at trial."  ECF No. 1 at ¶ 104.  In addition, Plaintiff has provided

21   enough information regarding gluten sensitivity in the Complaint for the Court to infer that

22   Plaintiff and the proposed class suffered physical injury as a result of consuming

23   Defendants' gluten free Cheerios.  <u>See</u> Compl. ECF No. 1 at ¶¶ 4-6.  Accordingly,

24   Defendants' Motion to Dismiss Plaintiff's negligence claim is DENIED.

25               **G.**      **Motion to Strike Class Allegations**

26           Finally, Defendants move to strike Plaintiff's class allegations arguing that the

27   class certification requirements of FRCP 23 cannot be met.  ECF No. 7 at 11-15.

28   Specifically, Defendants argue that Plaintiff cannot establish that a class action is a

1 | superior procedure, Plaintiff is an inadequate class representative and the proposed

2 | class is overbroad.  Id. at 12-15.  An argument that Plaintiff has not met the class

3 | certification requirements of FRCP 23 is more properly brought at the class certification

4 | stage.  See Long v. Graco Children's Products Inc., No. 13-CV-01257-JD, 2014 WL

5 | 7204652, at *4 (N.D. Cal. Dec. 17, 2014) ("[M]any courts have recognized that the

6 | sufficiency of class allegations are better addressed through a class certification motion,

7 | after the parties have had an opportunity to conduct some discovery.").  Accordingly,

8 | Defendants' Motion to Strike is DENIED.

9 |

10 | **CONCLUSION**

11 |

12 | Defendants' Motions (ECF No. 7) are GRANTED in part and DENIED in part:

13 | (1) Plaintiff's First Cause of Action under California's Unfair Competition Law is

14 | DISMISSED with leave to amend.

15 | (2) Plaintiff's Second Cause of Action for Violation of the California False

16 | Advertising Law is DISMISSED with leave to amend.

17 | (3) Plaintiff's Third Cause of Action for Violation of California's Consumer Legal

18 | Remedies Act is DISMISSED with leave to amend to the extent that it seeks

19 | injunctive relief.  Defendants' motion is DENIED to the extent that it seeks to

20 | dismiss Plaintiff's CRLA claim for damages.

21 | (4) Defendants' motion to dismiss Plaintiff's Fourth Cause of Action for Violation of

22 | the Kentucky Consumer Protection Act is DENIED.

23 | (5) Plaintiff's Fifth Cause of Action for Unjust Enrichment is DISMISSED without

24 | leave to amend.

25 | (6) Defendants' motion to dismiss Plaintiff's Sixth Cause of Action for Breach of

26 | Express Warranty claim is DENIED.

27 | (7) Defendants' motion to dismiss Plaintiff's Seventh Cause of Action for

28 | Negligence claim is DENIED.

(8) Plaintiff may, but is not required to, file an amended complaint with respect to those causes of action that have been dismissed with leave to amend.  If no amended complaint is filed within twenty-one (21) days from the date this Order is electronically filed, the causes of action dismissed by this Order shall be dismissed with prejudice without further notice to the parties.

(9) Defendants' Motion to Strike is DENIED.

IT IS SO ORDERED.

Dated:  May 17, 2016

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE