1    David T. Biderman (Bar No. 101577)
     DBiderman@perkinscoie.com
2    Joshua A. Reiten (Bar No. 238985)
     JReiten@perkinscoie.com
3    PERKINS COIE LLP
     505 Howard Street, Suite 1000
4    San Francisco, CA 94105-3204
     Telephone: 415.344.7000
5    Facsimile: 415.344.7050

6    Charles C. Sipos (*pro hac vice*)
     CSipos@perkinscoie.com
7    PERKINS COIE LLP
     1201 Third Avenue, Suite 4900
8    Seattle, WA 98101-3099
     Telephone: 206.359.8000
9    Facsimile: 206.359.9000

10

11   Attorneys for Defendants
     General Mills, Inc., General Mills Sales, Inc., General
12   Mills Operations, LLC

13

14                   UNITED STATES DISTRICT COURT

15                   EASTERN DISTRICT OF CALIFORNIA

16

17   JACKLYN HADDIX individually and on        Case No. 15-cv-02625-MCE-KJN
     behalf of all others similarly situated,
18                                              **DEFENDANTS' MEMORANDUM OF**
                      Plaintiff,                **POINTS AND AUTHORITIES IN**
19                                              **SUPPORT OF MOTION TO DISMISS**
           v.                                   **PLAINTIFF'S AMENDED COMPLAINT**
20                                              **PURSUANT TO FRCP 12(b)(1) AND FRCP**
     GENERAL MILLS, INC.; GENERAL              **12(b)(6)**
21   MILLS SALES, INC.; GENERAL MILLS
     OPERATIONS, LLC, AND DOES 1-50,           Hearing Date:  September 8, 2016
22                                              Time:      2:00 p.m.
                      Defendants.               Judge:     Hon. Morrison C. England, Jr.
23
                                                [Related Case: 2:15-cv-2262]
24

25

26

27

28

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION .............................................................................. 1

II.   FACTUAL BACKGROUND ............................................................ 2

      A.    General Mills Recalls Certain Cheerios and Honey Nut Cheerios
            and Implements a Comprehensive Refund Program................................ 2

      B.    The Court Dismissed, in Part, Plaintiff's Prior Complaint. ...................... 3

      C.    Plaintiff's Amended Complaint Does Not Plead Facts Regarding
            the Alleged Inadequacy of General Mills' Recall................................... 5

III.  THE LEGAL STANDARDS GOVERNING THIS MOTION ............................ 6

      A.    Motion to Dismiss under Rule 12(b)(1). ........................................... 6

      B.    Motion to Dismiss under Rule 12(b)(6). ........................................... 6

IV.   ARGUMENT ................................................................................ 8

      A.    The Complaint Should Be Dismissed for Lack of Subject Matter
            Jurisdiction. ........................................................................... 8

            1.    The Court lacks subject matter jurisdiction over Plaintiff's
                  claims for injunctive relief. ................................................. 8

                  a.    General Mills' recall and refund program moots
                        Plaintiff's claims for injunctive relief. ............................ 8

                  b.    Plaintiff fails to allege any other facts supporting a
                        likelihood of future injury and thus lacks standing to
                        seek injunctive relief. ............................................. 9

            2.    Plaintiff fails to plead facts showing she is entitled to any
                  damages beyond the restitution received. ............................... 10

      B.    The Court May Separately Dismiss Each Cause of Action for
            Failure to State a Claim under Rule 12(b)(6). ................................. 15

            1.    Plaintiff's failure to adequately plead an injury requires
                  dismissal for failure to state a claim under Rule 12(b)(6)............ 15

            2.    Plaintiff's CLRA damages claim should be dismissed. ................. 17

                  a.    Plaintiffs failed to comply with the CLRA notice
                        requirements. ....................................................... 17

                  b.    Plaintiffs similarly fail to plead CLRA remedies
                        other than restitution. ............................................. 18

            3.    Plaintiff fails to plead an ascertainable loss under the
                  KCPA. ......................................................................... 18

            4.    Plaintiff fails to state a claim for breach of express warranty....... 19

            5.    Plaintiff fails to plead any physical injury and cannot state a
                  claim for negligence pursuant to the economic loss rule. ............ 19

V.    CONCLUSION .............................................................................. 20

1

**TABLE OF AUTHORITIES**

2

**PAGE(S)**

3

**CASES**

4

*Anunziato v. eMachines, Inc.*,
   402 F. Supp. 2d 1133 (C.D. Cal. 2005) ...................................................................14

5

*Arbaugh v. Y&H Corp.*,
   546 U.S. 500 (2006) .....................................................................................................6

6

7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................7, 10, 15

8

9

*Barth v. Firestone*,
   673 F. Supp. 1466 (N.D. Cal. 1987) ........................................................................20

10

*Bates v. United Parcel Serv., Inc.*,
   511 F.3d 974 (9th Cir. 2007) ................................................................................9, 10

11

12

*Bell. Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..............................................................................................7, 10

13

14

*Bell v. Sanders*,
   No. 10-cv-3739-SJO (JEM), 2010 WL 5631740 (C.D. Cal. Dec. 16, 2010)............8

15

16

*Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*,
   637 F.3d 1047 (9th Cir. 2011) ..............................................................................7, 17

17

*Cattie v. Wal–Mart Stores, Inc.*,
   504 F. Supp. 2d 939 (S.D. Cal. 2007) ..................................................................9, 10

18

19

*Cheng v. BMW of N. Am., LLC*,
   No. CV 12-09262 GAF SHX, 2013 WL 3940815 (C.D. Cal. July 26, 2013) ...................11, 12

20

*City of Los Angeles v. Lyons*,
   461 U.S. 95 (1983) .......................................................................................................9

21

22

*Colgan v. Leatherman Tool Group, Inc.*,
   135 Cal. App. 4th 663 (2006) ...................................................................................13

23

24

*Delarosa v. Boiron, Inc.*,
   275 F.R.D. 582 (C.D. Cal. 2011) ..............................................................................14

25

*Doe 1 v. AOL LLC*,
   719 F. Supp. 2d 1102 (N.D. Cal. 2010) ...................................................................17

26

27

*Foster v. Carson*,
   347 F.3d 742 (9th Cir. 2003).....................................................................................11

28

*Giddings & Lewis, Inc. v. Indus. Risk Insurers*,
 348 S.W.3d 729 (Ky. 2011) .................................................................................20

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*,
 896 F.2d 1542 (9th Cir. 1990)................................................................................7

*Hamilton v. General Mills*,
 No. 16-cv-00382 (D. Or. 2016)..............................................................................1

*In re NJOY, Inc. Consumer Class Action Litig.*,
 120 F. Supp. 3d 1050 (C.D. Cal. 2015) ...............................................................13

*Int'l Union of Operating Eng'rs v. Cnty. of Plumas*,
 559 F.3d 1041 (9th Cir. 2009)................................................................................6

*Jones v. ConAgra Foods, Inc.*,
 No. C 12-01633 CRB, 2014 WL 2702726 (N.D. Cal. Jun. 13, 2014) ...................14

*Kearns v. Ford Motor Co.*,
 567 F.3d 1120 (9th Cir. 2009)......................................................................7, 15, 16

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
 511 U.S. 375 (1994).................................................................................................6

*Lee v. City of Los Angeles*,
 250 F.3d 668 (9th Cir. 2001)...................................................................................8

*Los Angeles Cty. v. Davis*,
 440 U.S. 625 (1979)..................................................................................................8

*Lujan v. Defenders of Wildlife*,
 504 U.S. 555 (1992)..............................................................................................8, 9

*McCarthy v. United States*,
 850 F.2d 558 (9th Cir. 1988)...................................................................................6

*Morgan v. AT & T Wireless Servs., Inc.*,
 177 Cal. App. 4th 1235 (2009) .............................................................................17

*Naiser v. Unilever United States, Inc.*,
 975 F. Supp. 2d 727 (W.D. Ky. 2013) ..................................................................18

*Rio Prop's, Inc. v. Rio Int'l Interlink*,
 284 F.3d 1007 (9th Cir. 2002)..................................................................................6

*Semegen v. Weidner*,
 780 F.2d 727 (9th Cir. 1985)..................................................................................17

*Speyer v. Avis*,
 415 F. Supp. 2d 1090 (S.D. Cal. 2005) .................................................................20

1
2

*St. Clair v. City of Chico*,
    880 F.2d 199 (9th Cir. 1989)...................................................................................6

3

*State Farm Mut. Auto. Ins. Co. v. Campbell*,
    538 U.S. 408 (2003) ............................................................................................13

4
5

*Steering Comm. v. Exxon Mobil Corp.*,
    461 F.3d 598 (5th Cir. 2006)...............................................................................13

6
7

*Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*,
    594 F.2d 730 (9th Cir. 1979)................................................................................6

8

*Tosh-Surryhne v. Abbott Labs. Inc.*,
    No. CIV S-10-2603 KJM-EFB, 2011 WL 4500880 (E.D. Cal. Sept. 27, 2011) ....................11

9
10

*Trentacosta v. Frontier Pac. Aircraft Ind., Inc.*,
    813 F.2d 1553 (9th Cir. 1987)..............................................................................6

11

*United States v. Hays*,
    515 U.S. 737 (1995) ..............................................................................................8

12
13

*Vavak v. Abbot Labs., Inc.*,
    No. SACV 10-1995 JVS (RZx), 2011 WL 10550065 (C.D. Cal. Jun. 17, 2011)....................11

14
15

*Waller v. Hewlett-Packard Co.*,
    295 F.R.D. 472 (S.D. Cal. 2013)...........................................................................9

16
17

*Wexner v. First Manhattan Co.*,
    902 F.2d 169 (2d Cir. 1990)................................................................................17

18

*Whalen v. Stryker Corp.*,
    783 F. Supp. 2d 977 (E.D. Ky. 2011) ..................................................................15

19
20

*White v. Ultramar, Inc.*,
    21 Cal. 4th 563 (1999) ........................................................................................15

21
22

*Wilens v. TD Waterhouse Grp. Inc.*,
    120 Cal. App. 4th 746 (2003) .............................................................................14

23

*Winzler v. Toyota Motor Sales U.S.A., Inc.*,
    681 F.3d 1208 (10th Cir. 2012)...........................................................................11

24
25

*Wolfe v. Strankman*,
    392 F.3d 358 (9th Cir. 2004)................................................................................6

26

*Zhang v. Superior Court*,
    57 Cal. 4th 364 (2013) ........................................................................................14

27
28

DEFENDANTS' MPA ISO OF MOTION TO DISMISS AND TO STRIKE
Case No. 15-cv-02625-MCE-KJN

1

**STATUTES**

Cal. Civ. Code § 1750, *et seq.*................................................................................17

Cal. Civ. Code § 1782(a) ......................................................................................17

Cal. Civ. Code § 1782(b) ................................................................................15, 18

Cal. Civ. Code § 3294 ...........................................................................................14

Cal. Civ. Code § 3294(b) .......................................................................................15

Cal. Comm. Code § 2714(2) ..................................................................................19

**RULES**

Fed. R. Civ. P. 8(a) ..................................................................................................7

Fed. R. Civ. P. 9(b) ..............................................................................7, 15, 16, 17

Fed. R. Civ. P. 9(b) ............................................................................................7, 15

Fed. R. Civ. P. 12(b)(1)........................................................................................3, 6

Fed. R. Civ. P. 12(b)(6)......................................................................3, 6, 7, 15, 17

Fed. R. Civ. P. 12(h)(3)...........................................................................................6

L.R. 230(g) ..............................................................................................................1

**OTHER AUTHORITIES**

5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1216 (3d ed. 2004) ..........................................................................................7

Advisory Comm. Notes to Fed. R. Civ. P. 23 .......................................................13

Restatement (Second) of Torts § 903 pp. 453-54 (1979)......................................14

DEFENDANTS' MPA ISO OF MOTION TO DISMISS AND TO STRIKE
Case No. 15-cv-02625-MCE-KJN

## I.    INTRODUCTION

Plaintiff Jacklyn Haddix's injunctive relief claims in her initial Complaint were dismissed because she pled no facts supporting a plausible threat of future harm from General Mills' Cheerios products labeled "Gluten Free." The Amended Complaint ("AC") reflects that there are no such facts; there is simply nothing in the AC to support a conclusion that General Mills' recall program is ineffective or inadequate. Although the AC contains isolated additional rhetoric, it pleads no new facts to cure the defects in the prior Complaint. Thus, Plaintiff's injunctive relief claims remain subject to dismissal, this time with prejudice.

Plaintiff's claims for non-restitutionary damages under the CLRA, Kentucky's Consumer Protection Act ("KCPA"), and express warranty and negligence causes of action also fail because the only form of relief plausibly supported by the AC is the restitution-based relief that General Mills has already provided: A refund of her purchase price provides all the relief that Plaintiff actually pleads she is entitled to. There are no facts to support "compensatory" damages available in this case beyond restitution. Similarly, Plaintiff's statutory damages claims fail because the existing refund program fully compensates Plaintiff for her loss. And while the AC contains a generalized reference to "medical expense" under the KCPA, in terms of *facts,* the AC carefully avoids making allegations to support those damages. That is likely because by their nature, personal injury claims would doom Plaintiff's prospects for class certification and were omitted from the AC by design. Finally, although Plaintiff purports to seek "punitive damages," there are no allegations in the AC sufficient to meet the heightened standards necessary to claim entitlement to those damages, either. The AC should be dismissed.[1]

---

[1] Defendants respectfully request, pursuant to L.R. 230(g), that the Court "hear appropriate and reasonable oral argument," on the instant Motion. *Id.* Notwithstanding submission of the prior Motion to Dismiss on the papers, *see* Dkt. No. 15, Defendants believe argument will aid the Court's consideration of the Motion. Defendants' view is informed in part by the Federal District of Oregon having recently heard argument on General Mills' Motion to Dismiss in *Hamilton v. General Mills*, No. 16-cv-00382 (D. Or. 2016) (Dkt. No. 38), a putative consumer class action concerning the same recall of General Mills' Cheerios cereal at issue in this litigation.

DEFENDANTS' MPA ISO MOT. TO DISMISS AMENDED COMPLAINT
Case No. 15-cv-2625-MCE-KJN

## II.      FACTUAL BACKGROUND

### A.      General Mills Recalls Certain Cheerios and Honey Nut Cheerios and Implements a Comprehensive Refund Program.

The facts alleged in the AC are essentially unchanged from what was pled in the initial Complaint. *See* Appendix 1 (showing in redline changes from initial Complaint to AC). The AC alleges that last year, General Mills began producing Cheerios cereals labeled "Gluten Free." AC ¶11. General Mills was able to produce these products gluten free through changes in its manufacturing process. *Id*. ¶ 10. The "Gluten Free" designation was for that subset of Yellow Box Cheerios and Honey Nut Cheerios consumers who were either gluten intolerant or had a wheat allergy or had celiac disease, which is a condition that affects digestibility of gluten in a small percentage of the population. AC ¶¶ 5-6 (estimated 3 million people in the U.S., which is less than 1% of U.S. population affected with celiac disease). The majority of the population and purchasers of Yellow Box Cheerios or Honey Nut Cheerios without these conditions are unaffected by the presence or absence of gluten in the products. *See id*. ¶¶ 4-7.

During isolated dates of manufacture at its Lodi, California plant wheat flour was inadvertently introduced into the gluten-free oat flour line. *See id*. ¶13. This affected certain production days of Yellow Box and Honey Nut Cheerios, as wheat flour contains gluten. *Id*. ¶ 13. General Mills, in conjunction with the FDA, was made aware of the issue and identified the production lots impacted by this incident, which were identified by their "Better if Used by" code dates. *Id*. ¶¶ 13-14 (dates ranging between July 12 and July 25, 2015, for Honey Nut Cheerios, and dates ranging between July 14 and July 17, 2015 for Yellow Box Cheerios). On October 5, 2015, General Mills announced a voluntary recall of the Yellow Box and Honey Nut Cheerios produced in Lodi on those affected dates. *Id*. ¶13.

In addition to identifying the affected product, General Mills publicized and implemented a comprehensive refund or replacement program. Declaration of Jeff Hagen ("Hagen Decl.") ¶¶ 2-7. The availability of the program was reported on in national news media and by the FDA, and participation in the program is accessible via a dedicated 1-800 consumer line. *Id*. ¶ 3.

1  Consumers contacting General Mills about the affected product can obtain a replacement

2  of, or refund for, any affected Cheerios cereal they purchased. Hagen Decl. ¶ 4. Consumers can

3  obtain replacement or refund for up to eight boxes of Cheerios without providing General Mills

4  the product or its packaging, receipts, or any other evidence of purchase. *Id*. ¶ 5. Refunds are also

5  available on those same terms *even if the consumer did not purchase product from the affected*

6  *lots*. *Id*. ¶ 6. In other words, mere dissatisfaction with the product entitles consumers to a full

7  refund of any Yellow Box Cheerios or Honey Nut Cheerios they purchased.

8  **B.    The Court Dismissed, in Part, Plaintiff's Prior Complaint.**

9  On February 6, 2016, General Mills moved to dismiss Plaintiff's original Complaint under

10  Rule 12(b)(1) for mootness and lack of Article III standing, and under Rule 12(b)(6) for failure to

11  state a claim. *See* First Mot. to Dismiss at 1-2 (Dkt. No. 7-1).[2] Relying on authority in similar

12  product recall cases, the Motion argued that because General Mills and the FDA identified the

13  affected lots of Cheerios and offered full refunds to the Plaintiff and putative class, the

14  Complaint's claims for relief were either moot or the named Plaintiff had no standing because had

15  already returned the Cheerios she purchased. *Id.* at 6-11. The Motion also argued Plaintiff failed

16  to state claims under the UCL, FAL, and CLRA because Plaintiff is a non-California resident

17  suing a non-resident defendant for conduct wholly outside California, as well as because General

18  Mills' refund program addressed Plaintiff's requested damages claims. *Id.* at 19. Finally, General

19  Mills moved to dismiss Plaintiff's claim under the KCPA, as well claims for unjust enrichment,

20  breach of express warranty and negligence. *Id.* at 17-20.

21  Plaintiff opposed the motion, insisting that General Mills' recall and refund program was

22  "inadequate." *See* Pl.'s Opp. to First Mot. to Dismiss at 3 (Dkt. No. 13). Plaintiff's Opposition did

23  not point to a single fact in the Complaint to support this "inadequacy" argument, nor did Plaintiff

24  challenge the accuracy of General Mills' factual showing in its Motion to Dismiss. Plaintiff solely

25  made blanket statements that Plaintiff "disputes [General Mills'] factual assertion that the recall is

26

27  [2] General Mills also moved to strike the class allegations, but does not re-raise that argument in
    light of the Court's ruling that it would defer consideration of those arguments until briefing on
28  class certification, if necessary. *See* Memorandum and Order at 6 [Dkt. No. 17].

1    adequate relief." *Id.* Plaintiff did not, however, provide any factual basis to support her bare

2    assertion that the recall was not effective. *See id*. Instead, the Opposition conclusorily claimed

3    that discovery would reveal the supposed "inadequacy" of the recall. *Id.*

4         On May 17, 2016, the Court granted in part, and denied in part General Mills' Motion. *See*

5    *generally* Memorandum and Order ("Order") at 17 [Dkt. No. 17]. With respect to standing, the

6    Court agreed that General Mills' factual showing evidenced the effectiveness of its recall and

7    refund program and that it "was incumbent on Plaintiff to furnish their own affidavits or other

8    evidence challenging the efficacy of the recall program." *Id*. at 9. The Court rejected Plaintiff's

9    "bare assertion" challenging the adequacy of the recall in the Opposition as sufficient to confer

10   subject matter jurisdiction. *Id*. at 9. The Court therefore dismissed Plaintiff's injunctive relief

11   claims for failing to satisfy Article III's requirements. *Id*. at 10. The Court dismissed the claims

12   with leave to amend "*if* [Plaintiff] can make *factual allegations* showing some continued threat of

13   harm from Defendants' Gluten Free Cheerios products." *Id.* at 10 (emphasis added).

14        As for the CLRA and Plaintiff's anticipated[3] request for damages, the Court cited the

15   Complaint's Prayer for Relief and explained this claim was not moot because "Plaintiff requests

16   damages [under the CLRA] that exceed the scope of the recall program and relate to Defendants'

17   business practices prior to instituting the recall program." *Id*. at 11 (citing Compl. at 18). The

18   Court similarly reasoned that Plaintiff stated a claim for relief under the CLRA because the

19   Complaint's Prayer for Relief "seeks 'compensatory, exemplary, punitive and statutory penalties

20   and damages.'" *Id.* (quoting Compl. at 18). The Court also declined to dismiss Plaintiff's KCPA,

21   breach of express warranty and negligence claims. The Court found: (1) that Kentucky law did

22   not require privity of contract between the parties for a claim under the KCPA where a

23   "defendant provided express warranties to the ultimate purchaser " (Order at 13-14); (2) Plaintiff

24   was excused from California's pre-suit notice requirement for express warranty claims (*Id*. at 15);

25   and (3) the Court could infer that the Complaint alleged physical injury damages to support a

26

27
_____
28   [3] The prior Complaint did not claim CLRA damages and instead averred that Plaintiffs would do
     so in an amended pleading. *See* Order at 7.

DEFENDANTS' MPA ISO MOT. TO DISMISS AMENDED COMPLAINT
Case No. 15-cv-2625-MCE-KJN

negligence claim. Order at 16. The Court dismissed Plaintiff's unjust enrichment claim with prejudice. *Id.* at 14.

### C.   Plaintiff's Amended Complaint Does Not Plead Facts Regarding the Alleged Inadequacy of General Mills' Recall.

On June 7, 2016, Plaintiff filed her AC purporting to address the deficiencies identified in the Order. *See* App. 1 (redlined comparison of original Complaint with AC). Rather, Plaintiff makes only one new factual claim:  that she "ingested some of [the] Cheerios" purchased in late September 2015 that she later learned were recalled. AC ¶ 23. Nothing more. The AC makes no mention that she has any gluten sensitivity or suffered any physical reaction from eating the recalled Cheerios. *See id.* She pleads no facts to suggest any continued threat of harm from General Mills' Cheerios products. Plaintiff only added conclusory statements that she "disputes the adequacy and efficacy of any and all refund and/or recall efforts implemented by Defendants" and that "Defendants' inadequate efforts to recall all affected products and prevent further contaminated production, including but not limited to Defendants' admission that finished product testing was not performed on its recalled Cheerios, [makes] it is reasonably likely that Defendants will continue to promote and sell products that are unlawfully labeled, risking further injuries to Plaintiff and the Class." AC ¶¶ 51, 57, 73. Plaintiff does not support these conclusions with any facts. *Id.* The AC is otherwise substantively identical to the prior Complaint.

As to damages, there are no factual allegations in the AC supporting relief beyond restitution. Plaintiff concedes that on or about October 9, 2015, she "returned" the Cheerios she purchased. AC ¶ 23. There are no facts, for example, showing that purchase or consumption of the Cheerios at issue caused any compensatory damages beyond the purchase price. Plaintiff pleads no facts whatsoever to suggest she suffered physical injury or any other form of non-restitution based damage. Despite previously pleading that "Plaintiff will amend the Complaint to seek damages," Plaintiff has not done so and again states she "will amend this Complaint to seek damages under the CLRA." AC ¶ 74.

1

III.     **THE LEGAL STANDARDS GOVERNING THIS MOTION**

2

A.     **Motion to Dismiss under Rule 12(b)(1).**

3

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of*

4

*Am.*, 511 U.S. 375, 377 (1994). The burden of establishing subject matter jurisdiction rests upon

5

the party asserting jurisdiction. *Id.*; *Rio Prop's, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019

6

(9th Cir. 2002). Lack of subject matter jurisdiction can be raised at any time through a motion to

7

dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). *Arbaugh v. Y&H Corp.*, 546 U.S.

8

500, 506 (2006); *see also Int'l Union of Operating Eng'rs v. Cnty. of Plumas*, 559 F.3d 1041,

9

1043-44 (9th Cir. 2009).

10

A party may make a facial or factual attack on subject matter jurisdiction. *Thornhill*

11

*Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). A facial attack is on

12

the allegations of jurisdiction contained in the plaintiff's complaint, and a factual attack

13

challenges the existence of subject matter jurisdiction in fact, despite the formal sufficiency of the

14

pleadings. *Id.* In the case of a factual attack, "no presumptive truthfulness attaches to plaintiff's

15

allegations." *Id.* (citation omitted). The party opposing the motion has the burden of proving that

16

subject matter jurisdiction exists and must present evidence to satisfy this burden. *St. Clair v. City*

17

*of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). If the plaintiff's allegations of jurisdictional facts are

18

challenged by the adversary in the appropriate manner, "the plaintiff cannot rest on the mere

19

assertion that factual issues [may] exist." *Trentacosta v. Frontier Pac. Aircraft Ind., Inc.*, 813

20

F.2d 1553, 1558 (9th Cir. 1987) (citation omitted). Furthermore, the district court may review any

21

evidence necessary, including affidavits and testimony, in order to determine whether subject

22

matter jurisdiction exists. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988); *Wolfe v.*

23

*Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *Thornhill*, 594 F.2d at 733. If the plaintiff fails to

24

meet her burden and the court determines that it lacks subject matter jurisdiction, the court must

25

dismiss the action. Fed. R. Civ. P. 12(h)(3).

26

B.     **Motion to Dismiss under Rule 12(b)(6).**

27

A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed

28

factual allegations, but a plaintiff is obligated "to provide the grounds of his entitlement to relief

DEFENDANTS' MPA ISO MOT. TO DISMISS AMENDED COMPLAINT
Case No. 15-cv-2625-MCE-KJN

1 [with] more than labels and conclusions, and a formulaic recitation of the elements of a cause of

2 action will not do." *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation

3 omitted). A court is not required to accept as true a "legal conclusion couched as a factual

4 allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). The

5 pleading must contain something more than "a statement of facts that merely creates a suspicion

6 [of] a legally cognizable right of action." 5 Charles Alan Wright & Arthur R. Miller, *Federal*

7 *Practice and Procedure* § 1216 (3d ed. 2004). Factual allegations must raise a right to relief

8 above the speculative level. *Twombly*, 550 U.S. at 555. If the "plaintiffs . . . have not nudged their

9 claims across the line from conceivable to plausible, their complaint must be dismissed." *Id.* at

10 570.

11       Rule 8(a) requires a "short and plain statement of the claim showing that the pleader is

12 entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the

13 grounds upon which it rests." *Twombly*, 550 U.S. at 555. Rule 9(b), by contrast, imposes a

14 heightened pleading standard on a party alleging fraud and requires that "a party must state with

15 particularity the circumstances constituting fraud or mistake." *Id.* "To satisfy Rule 9(b), a

16 pleading must identify the who, what, when, where, and how of the misconduct charged, as well

17 as what is false or misleading about the purportedly fraudulent statement, and why it is false."

18 *Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir.

19 2011) (internal citation, brackets, and quotation marks omitted). [4]

20       When deciding whether to grant a motion to dismiss under Rule 12(b)(6), the Court

21 generally "may not consider any material beyond the pleadings." *Hal Roach Studios, Inc. v.*

22 *Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The Court may also consider

23

---

24 [4] Rule 9(b)'s heightened pleading standard extends to UCL and CLRA claims when they are
grounded in fraud, even when fraud itself is not raised as a cause of action. *Kearns v. Ford Motor*
25 *Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009) (Rule 9(b)'s heightened pleading standards apply to
claims for violations of the CLRA and UCL where the claim "sounds in fraud") (internal citation
26 omitted). Where a plaintiff alleges a unified course of fraudulent action and relies on that conduct
as the basis of a claim (including claims alleging a UCL, FAL, or CLRA violation), that claim is
27 said to "sound in fraud," even if the word "fraud" is not used. *Kearns*, 567 F.3d at 1125. In that
event, the pleading of the claim as a whole must satisfy the particularity requirements of Rule
28 9(b). *Id.* at 1125, 1127.

material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

## IV.   ARGUMENT

### A.   The Complaint Should Be Dismissed for Lack of Subject Matter Jurisdiction.

A federal court lacks subject matter jurisdiction when a plaintiff lacks standing to bring suit. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To establish standing to bring suit, a plaintiff must make a three-pronged showing: (1) an "injury-in-fact" which is concrete and particularized, actual or imminent, and not conjectural or hypothetical; (2) a causal connection between the injury and the conduct at issue in the suit; and (3) redressability in the sense that it must be likely, not simply speculative, that the injury will be redressed by a favorable decision. *United States v. Hays*, 515 U.S. 737, 743 (1995) (citations omitted). A case can be rendered "moot" for purposes of Article III, and without a live controversy to decide, where "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979). A case is rendered moot where the plaintiff has received "the only relief [the] Court properly could order." *Bell v. Sanders*, 2010 WL 5631740, at *4 (C.D. Cal. Dec. 16, 2010).

### 1.   The Court lacks subject matter jurisdiction over Plaintiff's claims for injunctive relief.

Plaintiff's claims for injunctive relief should be dismissed because (1) her claims for injunctive relief have been or mooted by General Mills' recall and refund program; and (2) she fails to allege facts showing a reasonable likelihood of future injury from the labeling, advertising or sale of gluten-contaminated products as "Gluten Free." Plaintiff thus lacks Article III standing to pursue injunctive relief.

#### a.   General Mills' recall and refund program moots Plaintiff's claims for injunctive relief.

As the Court previously ruled, General Mills' recall and refund program moots Plaintiff's claims unless she can provide sufficient and credible evidence that she faces some continued

-8-

1   threat of harm in order to establish standing to seek injunctive relief. Order at 9  ("Plaintiff could

2   not simply rely on contrary assertions . . . . [I]t was incumbent on Plaintiff to furnish their own

3   affidavits or other evidence challenging the efficacy of the recall program . . . . [B]are assertion

4   is . . . not enough to carry Plaintiff's burden of establishing subject matter jurisdiction."). To

5   establish Article III standing, Plaintiff must show that she suffered an injury that is "likely" and

6   not just "speculatively" to be "redressed by a favorable decision." *Lujan,* 504 U.S. at 560–61. To

7   establish an injury in fact, the harm suffered by a plaintiff must be "concrete and particularized"

8   (*id.* at 560), and there must be "a sufficient likelihood that [he or she] will again be wronged a

9   similar way." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (quoting *City*

10  *of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)).

11      As a result of General Mills' recall, which establishes that all gluten-contaminated

12  Cheerios boxes have been identified and recalled, class members are entitled to a full refund of

13  the purchase price of gluten-contaminated Cheerios (both within the recalled lots and outside the

14  recalled lots), and there is thus no risk of misrepresentation in the future because there is no

15  longer a chance that Plaintiff will purchase gluten-contaminated products from the affected lots in

16  reliance on "Gluten Free" claims. *See Waller v. Hewlett-Packard Co.,* 295 F.R.D. 472, 475 (S.D.

17  Cal. 2013) (suggesting plaintiff has no standing to seek injunctive relief because defendants'

18  software fix resolved the alleged misrepresentations and thus no risk of such misrepresentations

19  causing future harm); *see also Cattie v. Wal–Mart Stores, Inc.,* 504 F. Supp. 2d 939, 951 (S.D.

20  Cal. 2007) (noting that it is unclear how injunctive relief will redress plaintiff's injury where

21  plaintiff knows truth behind allegedly false advertising).

22          **b.      Plaintiff fails to allege any other facts supporting a**
                     **likelihood of future injury and thus lacks standing to**
23                   **seek injunctive relief.**

24      Recognizing General Mills' recall and refund program relating to certain lots of Cheerios

25  that inadvertently contained gluten made her whole, Plaintiff attempts to establish subject matter

26  jurisdiction over her claims by alleging the unsupported conclusion that the recall was inadequate.

27  *See* AC ¶¶ 51, 57, 73. Plaintiff merely states that General Mills' efforts to recall all affected

28  products and "prevent further contaminated production" are not adequate, therefore it is

-9-

"reasonably likely" additional products will be sold containing gluten, thereby risking further injuries to Plaintiff and the putative class. *Id*. Plaintiff, however, does not identify a single fact on which to base her bare assertions. Rather, she essentially parrots back the legal standard for Article III standing, which requires a plaintiff to show a "sufficient likelihood that [he or she] will again be wronged a similar way." *Bates*, 511 F.3d at 985 (citation omitted). A bare statement of a claim is insufficient; there must be facts pled to support that claim. *See Twombly*, 550 U.S. at 561 (a "wholly conclusory statement of claim" does not survive a motion to dismiss even if it leaves open the possibility that a plaintiff might later establish some "set of [undisclosed] facts" to support recovery.).

Plaintiff has not pointed to any fact from which the Court can infer that the recall program was ineffective or inadequate. To the contrary, Plaintiff concedes the recall and refund program worked because she successfully learned that the Honey Nut Cheerios she purchased were recalled and returned them approximately four days after General Mills instituted the recall and refund program. *See* AC ¶¶ 13, 23. Plaintiff did not plead facts suggesting that the inadvertent introduction of gluten into certain Cheerios lots was more than an isolated event. The allegations in the AC are the sort of vague and conclusory allegations that *Iqbal* held need not be accepted as true. *See Iqbal*, 556 U.S. at 664 ("A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth."). Thus, Plaintiff's claimed risk of future injury is not concrete or particularized. Plaintiff lacks standing to seek injunctive relief.

**2. Plaintiff fails to plead facts showing she is entitled to any damages beyond the restitution received.**

Plaintiff's claims for non-restitutionary remedies, including damages, should also be dismissed because, through the refund component of the recall program, General Mills has already provided all the relief that Plaintiff's factual allegations support. Courts recognize that, where a plaintiff sues on an allegedly defective or contaminated product that has already been recalled and for which the plaintiff can receive a complete refund or replacement, the plaintiff's claims are moot.

DEFENDANTS' MPA ISO MOT. TO DISMISS AMENDED COMPLAINT
Case No. 15-cv-2625-MCE-KJN

1  Courts hold that the defendant's offer of a full refund deprives the court of subject matter

2  jurisdiction because the plaintiff's claim for relief is moot. *See Winzler v. Toyota Motor Sales*

3  *U.S.A., Inc.*, 681 F.3d 1208, 1214-15 (10th Cir. 2012) (reversing to require dismissal of claims

4  related to allegedly defective automobile on mootness grounds because of already-instituted recall

5  program overseen by NHTSA); *Cheng v. BMW of N. Am., LLC*, 2013 WL 3940815, at *4 (C.D.

6  Cal. July 26, 2013) (dismissing with prejudice plaintiffs' claims for injunctive relief and damages

7  as moot due to recall); *Tosh-Surryhne v. Abbott Labs. Inc.*, 2011 WL 4500880, at *5 (E.D. Cal.

8  Sept. 27, 2011) ("defendant has made a full offer of restitution to plaintiff for the recalled

9  containers of Similac plaintiff alleges she purchased . . . This offer . . . strips this court of

10  jurisdiction"); *Vavak v. Abbot Labs., Inc.*, 2011 WL 10550065, at *3 (C.D. Cal. Jun. 17, 2011)

11  ("Because Abbott offered a full refund to consumers who purchased infant formula from the

12  affected lots, Plaintiff's request for restitution of the monies spent on the product is moot."

13  (internal citation omitted); *see also Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003)

14  ("Mootness can be characterized as the doctrine of standing set in a time frame: The requisite

15  personal interest that must exist at the commencement of the litigation (standing) must continue

16  throughout its existence (mootness)." (citation omitted)).

17  *Cheng* and *Tosh* are on point. In *Cheng*, the court granted a motion to dismiss on

18  mootness grounds, with prejudice, finding that plaintiff's claims for injunctive relief and damages

19  were moot because BMW issued a recall and instituted a refund program that addressed the issues

20  raised in the complaint. 2013 WL 3940815 at *4. In *Cheng*, as here, the plaintiff attempted to

21  allege that the recall/refund was not adequate because some defective cars fell outside of the

22  scope of what was covered by the recall and refund program. *Id.* But as the court noted, in ruling

23  on a motion to dismiss a class action complaint prior to class certification, courts generally

24  consider only the claims of the named plaintiff, not some other person. *Id.*

25  Likewise, in *Tosh*, the plaintiff brought a putative class action seeking restitution for

26  purchases of Similac infant formula, which the defendant recalled due to potential contamination

27  of the product. 2011 WL 4500880 at *4. The plaintiff sought injunctive relief and "actual,

28  compensatory, punitive, exemplary damages, restitution and/or disgorgement" as to the

1  advertising of the product. *Id.* at *1 (citation omitted). As part of the recall, the defendant

2  established a program that allowed purchasers to return affected product and receive a coupon to

3  obtain a free replacement or, if purchasers had receipts, offered to refund the plaintiff's purchase.

4  *Id.* The court granted defendant's motion to dismiss on mootness grounds, explaining that the

5  recall and refund program provided the plaintiff with full and adequate relief, and therefore

6  deprived the court of subject matter jurisdiction over the claim. *Id.* at **4-5.

7       Here, General Mills commenced its recall of affected lots of their product on October 5,

8  2015, and as of that date consumers nationwide were eligible to request and receive refunds or a

9  replacement for affected product. Hagen Decl. ¶¶ 4,7; *see also* February 5, 2016 Request for

10  Judicial Notice ("RJN") Exs. 1-6 [ECF No. 8]. [5] That relief remains available to consumers.

11  Hagen Decl. ¶ 6. This recall is being conducted in conjunction with the FDA, who has likewise

12  publicized the recall, notified consumers of the affected lots of Cheerios cereal, and posted

13  General Mills' press release notifying consumers of the availability of refunds. *See* RJN Exs. 1, 2.

14  Plaintiff does not allege any facts to suggest that any gluten-contaminated Cheerios fall outside

15  the recall and does not allege she suffered any harm not addressed by General Mills' recall

16  program such as becoming ill from eating Cheerios from the recalled lot. Thus, Plaintiff stated not

17  a single fact to support an inference that she was not fully compensated for any harm related to

18  her purchase of recalled Cheerios.

19       Moreover, General Mills' refund program extends to non-recalled lots. *See* Hagen Decl.

20  ¶ 6 ("General Mills' refund and replacement also allows consumers to obtain a refund or

21  replacement of any Cheerios cereal that they purchased labeled as "Gluten Free," even if that

22  product was not part of the…recall."). As Plaintiff admits, this relief was available effective

23  October 5, 2016, when General Mills issued its recall (AC ¶ 13; Hagen Decl. ¶ 7), and Plaintiff

24  returned her Cheerios long before filing this action on December 18, 2015.

25       Finally, the AC lacks any factual allegations pertaining to damages other than restitution.

26  "The proper measure of restitution in a mislabeling case is the amount necessary to compensate

27

28  [5] The Court took judicial notice of the exhibits to General Mills' RJN in the Order at 2 n.2 [ECF No. 17].

1    the purchaser for the difference between a product as labeled and the product as received," which

2    is measured "by taking the difference between the market price actually paid by consumers and

3    the true market price that reflects the impact of the unlawful, unfair, or fraudulent business

4    practices." *In re NJOY, Inc. Consumer Class Action Litig.*, 120 F. Supp. 3d 1050, 1118 (C.D. Cal.

5    2015) (citation omitted); *Colgan v. Leatherman Tool Group, Inc.*, 135 Cal. App. 4th 663, 700

6    (2006). General Mills' refund program offers the most generous measure of compensatory

7    damages possible — the full marked price actually paid.

8         Plaintiff identifies a hypothetical list of types of consequential damages such as medical

9    expenses and lost wages, *see* AC ¶ 79, but *very carefully* did not plead physical injury damages or

10   that she missed any work as result of eating recalled Cheerios. Plaintiff's decision on this point

11   was not likely an oversight, as claiming those damages would likely defeat Plaintiff's class

12   claims. *See* Advisory Comm. Notes to Fed. R. Civ. P. 23, 1966 Amendment (Personal injuries are

13   "ordinarily not appropriate for a class action because of the likelihood that significant questions,

14   not only of damages but of liability and defenses of liability, would be present, affecting the

15   individuals in different ways."); *Steering Comm. v. Exxon Mobil Corp.*, 461 F.3d 598, 602 (5th

16   Cir. 2006) (class certification inappropriate in injury cases because each plaintiff's claim "will be

17   highly individualized with respect to proximate causation, including individual issues of

18   exposure, susceptibility to illness, and types of physical injuries").

19        The only further allegation in the AC about damages is the same statement in the Prayer

20   for Relief seeking an award for "compensatory, exemplary, punitive and statutory penalties and

21   damages." (*Compare* Compl. at p. 18, *with* AC at p. 21.). This bare reference to "compensatory,"

22   "statutory," and "punitive" damages does not allow Plaintiff to avoid mootness. These forms of

23   damage are either duplicative of the restitution-based relief provided, or are damages to which the

24   Plaintiff is not legally entitled based on the allegations in the AC.

25        First, "compensatory" damages are "intended to redress the concrete loss that the plaintiff

26   has suffered by reason of the defendant's wrongful conduct." *See State Farm Mut. Auto. Ins. Co.*

27   *v. Campbell*, 538 U.S. 408, 416 (2003) (*citing* Restatement (Second) of Torts § 903 pp. 453-54

28   (1979)). Here, however, the only "concrete loss" the AC claims Plaintiff suffered supported with

DEFENDANTS' MPA ISO MOT. TO DISMISS AMENDED COMPLAINT
Case No. 15-cv-2625-MCE-KJN

1    any allegations of fact are the losses associated with the unwanted Cheerios purchases

2    themselves. *See* AC ¶ 79 (Plaintiff "[is] entitled to recover all of the monies paid for the defective

3    Products"). There is no other "loss" Plaintiff has incurred, and thus no distinction in this case

4    between what is claimed as "compensation" or what is claimed as "restitution."

5            Second, recovery of "statutory" damages under the CLRA is not an automatic or stand-

6    alone form of relief; the plaintiff must still show that the defendant caused her actual damage to

7    obtain such damages. *See Jones v. ConAgra Foods, Inc.*, 2014 WL 2702726, at* 23 (N.D. Cal.

8    Jun. 13, 2014) (statutory damages under CLRA "does not provide for an automatic award of

9    $1,000 per individual class member"); *id.* ("[T]he California Court of Appeal [has] explained,

10   'This [statutory damages] language [in the CLRA] does not create an automatic award of

11   statutory damages upon proof of an unlawful act. Relief under the CLRA is limited to those who

12   suffer damage, making causation a necessary element of proof.'") (*quoting Wilens v. TD

13   Waterhouse Grp. Inc.*, 120 Cal. App. 4th 746, 754 (2003)). Here, the named Plaintiff has no

14   viable claims for actual damages outside of the restitutionary relief already available. So, she

15   cannot simply claim $1,000 statutory damages under the CLRA as a standalone form of relief,

16   either on behalf of herself for the putative class. *Id.*; *see also Delarosa v. Boiron, Inc.*, 275 F.R.D.

17   582, 593 (C.D. Cal. 2011) ("The statute does not appear to allow each class member to receive

18   $1,000 in addition to actual damages.").

19           And third, the AC fails to support a claim for punitive damages. To the extent Plaintiff

20   relies on the CLRA as a basis for punitive damages, she has not made any allegations of

21   "oppression, fraud, or malice," by General Mills. Cal. Civ. Code § 3294. Plaintiff has not

22   adequately pled fraud nor asserted a specific fraud cause of action (*see infra* Section II.C.).[6]

23   Punitive damages are also not recoverable because General Mills issued the recall before Plaintiff

24   filed the complaint and thus, within the CLRA's 30-day "safe harbor." *See* Cal. Civ. Code

25   § 1782(b) (any "action for damages" is prohibited under the CLRA "if an appropriate correction,

26

27   ─────────────────
     [6] Punitive damages are not available under the UCL or FAL. *Zhang v. Superior Court*, 57 Cal. 4th
     364, 376 (2013) (no claim for compensatory or punitive damages can be recovered in a [UCL]
     action"); *Anunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1137 (C.D. Cal. 2005) (punitive
28   damages " are denied under both the UCL and the FAL").

DEFENDANTS' MPA ISO MOT. TO DISMISS AMENDED COMPLAINT
Case No. 15-cv-2625-MCE-KJN

1    repair, replacement, or other remedy is given, or agreed to be given … within 30 days after

2    receipt of the notice."). Finally, corporate entities may be liable for punitive damages if an

3    "officer, director, or managing agent of the corporation" consciously disregarded, authorized, or

4    ratified each act of "oppression, fraud, or malice." Cal. Civ. Code § 3294(b); *see also White v.*

5    *Ultramar, Inc.*, 21 Cal. 4th 563, 572 (1999); CACI 3948. The AC is devoid of allegations that an

6    "officer, director, or managing agent" of General Mills was consciously involved in any act of

7    oppression, fraud or malice. Plaintiff's claim for punitive damages therefore also fails.[7]

8              **B.     The Court May Separately Dismiss Each Cause of Action for Failure
                        to State a Claim under Rule 12(b)(6).**

9              To the extent that the Court does not dismiss the AC outright for lack of subject matter

10   jurisdiction, Plaintiff's claims for relief all suffer from other defects that separately and

11   independently warrant dismissal under Rule 12(b)(6).

12             **1.      Plaintiff's failure to adequately plead an injury requires
                         dismissal for failure to state a claim under Rule 12(b)(6)**

13
              A court is not required to accept as true a "legal conclusion couched as a factual

14   allegation." *Iqbal*, 556 U.S. at 678 (citation omitted). Under that standard alone, Plaintiff has

15   failed to state any claim for relief. Moreover, because the AC is grounded in allegations of fraud,

16   the more stringent pleading requirement of Rule 9(b) is the applicable standard. *See, Kearns*, 567

17   F.3d at 1127 (Rule 9(b)'s standards apply to claims for violations of the CLRA and UCL where

18   the claim "sounds in fraud" (internal citation omitted)). Plaintiffs' allegations fall well short of

19   Rule 9(b) pleading standards.

20             Where, as here, Plaintiff alleges a unified course of fraudulent action and relies on that

21   conduct as the basis of a claim (including claims alleging a UCL, FAL, or CLRA violation), that

22   claim is said to "sound in fraud," even if the word "fraud" is not used. *Kearns*, 567 F.3d at 1125.

23   In that event, the pleading of the claim as a whole must satisfy the particularity requirements of

24

25   ─────────────────────

26   [7] Plaintiff's allegations likewise fail to support a claim for punitive damages under Kentucky law.
     Under Kentucky law, to recover punitive damages, a plaintiff must prove by clear and convincing

27   evidence that a defendant acted with oppression, fraud or malice. *Whalen v. Stryker Corp.*, 783 F.
     Supp. 2d 977, 982-83 (E.D. Ky. 2011). Plaintiff has not made any allegations of "oppression,

28   fraud, or malice," by General Mills, and to the extent she alleges fraud, has failed to plead with
     specificity as required by Fed. R. Civ. P. 9(b) as explained above.

1    Rule 9(b). *Id*. at 1125, 1127. The AC asserts that General Mills "knew or should have known that

2    the Cheerios contained gluten," failed to take the steps necessary" to ensure the products were

3    gluten free, "made material representations" regarding the Cheerios gluten content, "failed to

4    disclose material facts," about Cheerios cereals, "conceal[ed] the true nature" of Cheerios, and

5    "created the misimpression" that their products do not contain gluten." AC ¶¶ 39 b, c, d, f, g; 47.

6    Indeed, the entire thrust of the AC is that General Mills allegedly used the "Gluten Free" label to

7    induce Plaintiff to purchase cereal that was not actually gluten free. *Id*. ¶ 48. The AC thus alleges

8    a unified course of fraudulent action and Plaintiff's claims all "sound in fraud" and must be

9    pleaded with specificity. *Kearns*, 567 F.3d at 1125.

10         But Plaintiff's assertions of injury—which is an element of each cause of action in the

11   AC—are not pleaded with any specificity. Plaintiff's AC itself evidences that she was well aware

12   of the recall, as it identifies the fact of the recall and that Plaintiff in fact received a refund for

13   returning the Cheerios she purchased. AC ¶ 23. In addition, General Mills has established the

14   breadth and scope of its refund and recall program by proper evidence, the Hagen Declaration,

15   which confirms that even consumers who purchased gluten free Cheerios outside the recalled lots

16   can receive a refund. Hagen Decl. ¶ 6. And Plaintiff has not alleged—nor could she—that

17   General Mills has refused to give her or any other affected consumer a complete refund for their

18   purchases. Neither has Plaintiff alleged that General Mills has refused to recall all the affected

19   lots of "Gluten Free" labeled Cheerios. *See* Hagen Decl. ¶¶ 4-5.

20         Plaintiff asserts no factual allegation that General Mills' recall and refund program was

21   inadequate. The AC only contains two conclusory statements: (1) that Plaintiff "disputes the

22   adequacy and efficacy of any and all refund and/or recall efforts implemented by Defendants"

23   and (2) that "Defendants' inadequate efforts to recall all affected products and prevent further

24   contaminated production …[makes] it is reasonably likely that Defendants will continue to

25   promote and sell products that are unlawfully labeled, risking further injuries to Plaintiffs and the

26   Class." AC ¶¶ 51, 57, 73. But her bare-bones allegations—lacking any semblance of "who, what,

27   when, where, or how"—are insufficient as a matter of law. *See Cafasso*, 637 F.3d at 1055

28

DEFENDANTS' MPA ISO MOT. TO DISMISS AMENDED COMPLAINT
Case No. 15-cv-2625-MCE-KJN

1   (pleading must identify "who, what, when, where, and how of the misconduct charged") (citation

2   omitted).

3         Plaintiff does not explain how she knows the recall efforts were inadequate, whether any

4   products outside the recall period were contaminated, or why it is reasonably likely that General

5   Mills will continue to sell products that are unlawfully labelled. She also does not allege that any

6   consumer attempted but was unable to secure a refund of the purchase price of the allegedly

7   "defective" products, or any other material detail. *See Wexner v. First Manhattan Co.,* 902 F.2d

8   169, 172 (2d Cir. 1990) (pleading "must adduce specific facts supporting a strong inference of

9   fraud or it will not satisfy even a relaxed pleading standard."). And Plaintiff is not entitled to shirk

10  these pleading standards by claiming she intends to seek discovery on the subjects over which her

11  AC is deficient. *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985) (Rule 9(b) "prevents the

12  filing of a complaint as pretext for discovery of unknown wrongs and protects potential

13  defendants … from the harm that comes from being charged with the commission of fraudulent

14  acts."). Plaintiff has failed to adequately plead any (non-moot) injury.

15              **2.      Plaintiff's CLRA damages claim should be dismissed.**

16        There are additional, separate, and independent bases to dismiss Plaintiffs' CLRA

17  damages claims under Rule 12(b)(6):  failure to comply with CLRA notice requirements and

18  failure to plead facts that would entitle Plaintiff to claim either any compensatory damages

19  beyond refund of the purchase price or statutory damages or punitive damages.

20              **a.      Plaintiffs failed to comply with the CLRA notice**
                          **requirements.**

21        A plaintiff seeking damages under the CLRA must first comply with the notice

22  requirements established in Section 1782(a) of the California Civil Code. A claim for damages

23  under the CLRA that is filed without giving proper notice must "be dismissed until 30 days or

24  more after the plaintiff complies with the notice requirements." *Morgan v. AT & T Wireless*

25  *Servs., Inc.,* 177 Cal. App. 4th 1235, 1261 (2009); *see also Doe 1 v. AOL LLC*, 719 F. Supp. 2d

26  1102, 1110-11 (N.D. Cal. 2010) (dismissing claim for damages under CLRA for failure to

27  comply with notice requirement). Plaintiff again failed to comply with the CLRA notice

28

-17-

requirements. Like the Complaint, Plaintiff's AC, simply asserts she "will amend this Complaint to seek damages under the CLRA." AC ¶ 74. Plaintiff's failure to allege compliance with the notice requirements mandated by the CLRA, requires that the Court dismiss all damages claims arising from the CLRA cause of action.

### b.   Plaintiffs similarly fail to plead CLRA remedies other than restitution.

Plaintiff's CLRA damages claim also fails because General Mills has corrected the issue. Under the CLRA any "action for damages" is prohibited "if an appropriate correction, repair, replacement, or other remedy is given, or agreed to be given … within 30 days after receipt of the notice." Cal. Civ. Code § 1782(b). Plaintiff already received the monetary recovery she seeks through this action when she returned recalled Honey Nut Cheerios to the store. AC ¶ 23. The monetary relief was also available to all putative class members effective October 5, 2016, when General Mills issued its recall (AC ¶13 Hagen Decl. ¶¶ 2-7), and before Plaintiff filed this action on December 18, 2015. In fact, refunds are still available today. Hagen Decl. ¶ 7.

Moreover, as discussed in Section IV.A.2. above, the AC does not contain factual allegations supporting damages other than the restitution General Mills already provided. Plaintiff is thus ineligible to bring a cause of action for damages under the CLRA.

### 3.   Plaintiff fails to plead an ascertainable loss under the KCPA.

Plaintiff fails to state a claim for relief under the KCPA because she has not alleged she suffered an actual loss as a result of her purchase of recalled gluten free Cheerios. [8]

A plaintiff seeking to recover based on the KCPA must point to an "ascertainable loss in the form of money or property" to state a claim. *See* KRS § 367.220(1) ("Any person who purchases or leases goods primarily for personal, family, or household purposes and thereby suffers any loss of money or property … may bring an action … to recover actual damages."). Here, Plaintiff identifies potential bases for consequential damages such as "medical expense"

---

[8] In its original Motion, General Mills relied on the historical weight of Kentucky state law authority to support its argument that privity is required under Section 367.170 of the KCPA. General Mills respectfully acknowledges that the Court has elected to follow the exception as set forth in *Naiser v. Unilever United States, Inc.*, 975 F. Supp. 2d 727, 743 (W.D. Ky. 2013), and does not make any privity argument here.

and "past and future lost wages" but does not support these forms of damage with any actual facts to suggest she *suffered* these damages. AC ¶ 79. This is simply a conclusory allegation about categories of damage: there is no factual allegation Plaintiff actually incurred these damages. Because Plaintiff concedes that she returned her Cheerios months prior to initiating this lawsuit, and the AC lacks facts to support a claim that she suffered any other injury, she cannot state a claim for any relief beyond what she has received. AC ¶ 23.

### 4.     Plaintiff fails to state a claim for breach of express warranty.

The AC also fails to state a claim for breach of express warranty. Plaintiff asserts she was damaged "because [she] purchased Cheerios that…did not perform as promised and were less valuable than what [she] paid for." AC ¶ 90. Plaintiff has thus constrained her damages for an alleged breach of warranty to economic damages for the Cheerios boxes she purchased, pursuant to Commercial Code § 2714(2) ("The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount."). Plaintiff has not pled any facts that "special circumstances" show she suffered proximate damages other than the purchase itself. General Mills' offer to refund the full purchase price of gluten free Cheerios to Plaintiff thus offers her relief beyond what her warranty claim otherwise provides. Hagen Decl. ¶4. This cause of action should be dismissed.[9]

### 5.     Plaintiff fails to plead any physical injury and cannot state a claim for negligence pursuant to the economic loss rule.

Plaintiff again pleads a claim for negligence based on Defendants' alleged duty "to provide true, reliable and safe information regarding the Cheerios." AC ¶93. Plaintiff claims as a result of Defendants' alleged breach of this duty, she and the proposed class were damaged. *Id.* ¶98. Although Plaintiff was granted leave to amend, she did not amend her pleading to allege any facts to indicate she suffered any physical injury or property damage. AC ¶23. The only plausible

---

[9] The AC does not specify which state's law governs the breach of express warranty claim. Because Plaintiff briefed the issue previously under California law and the Court likewise applied California law in its Order, General Mills challenges the claim under California law. *See* Pl.'s Opp'n at 17; Order at 14-15.

DEFENDANTS' MPA ISO MOT. TO DISMISS AMENDED COMPLAINT
Case No. 15-cv-2625-MCE-KJN

1   loss Plaintiff has suffered can at best be characterized as economic.

2          Kentucky follows the economic loss rule, so damages for economic loss are not

3   recoverable based on negligence if not accompanied by property damage or personal injury.

4   *Giddings & Lewis, Inc. v. Indus. Risk Insurers*, 348 S.W.3d 729, 738-39 (Ky. 2011) (holding

5   "economic losses cannot be recovered pursuant to negligence … but are recoverable only under

6   the parties' contract"). Plaintiff's claim that she and the putative class were damaged in an

7   amount to be proven at trial is not sufficient to state a claim for negligence when the economic

8   loss rule applies and Plaintiff alleges no physical injury or property damage.

9          In its prior Order, the Court declined to dismiss the negligence claim on the basis that

10  "Plaintiff had provided enough information regarding gluten sensitivity … for the Court to infer

11  that Plaintiff and the proposed class suffered physical injury as a result of consuming gluten free

12  Cheerios." Order at 16. After having the opportunity to amend the Complaint, Plaintiff once again

13  has neither alleged that she has a gluten sensitivity nor that she suffered a physical injury after

14  ingesting the recalled Cheerios. *See* AC ¶¶ 5-6, 23. Without this form of damage herself, the

15  claim cannot proceed. *Speyer v. Avis*, 415 F. Supp. 2d 1090, 1094 (S.D. Cal. 2005)  ("[C]ourts

16  generally consider only claims of named plaintiffs in ruling on [a] motion to dismiss. . .prior to

17  class certification."); *accord Barth v. Firestone*, 673 F. Supp. 1466, 1476 (N.D. Cal. 1987).

18  **V.     CONCLUSION**

19         For the foregoing reasons, General Mills respectfully requests that the Court dismiss with

20  prejudice the Amended Complaint for lack of subject matter jurisdiction, and dismiss each cause

21  of action for failure to state a claim.

22  DATED: July 8, 2016                          **PERKINS COIE** LLP

23

24                                              By:  _____ */s/ Charles C. Sipos* _____
                                                      CHARLES C. SIPOS

25                                              Attorneys for Defendants General Mills, Inc.,
                                                General Mills Sales, Inc., and General Mills
26                                              Operations, LLC

27

28

DEFENDANTS' MPA ISO MOT. TO DISMISS AMENDED COMPLAINT
Case No. 15-cv-2625-MCE-KJN